BENJAMIN N. HUNTINGTON, President, &c., v. THEODORE P. BALLOU, impleaded with JOSEPH A. SHEARMAN.

(GENERAL TERM, FIFTH DISTRICT, DECEMBER, 1869.)

The maker of a promissory note, over due, who owed the plaintiff, the indorsee and holder thereof, several other distinct debts, paid him a gross sum and took a receipt appropriating the payment, in part, to interest due on the note, and reciting that the sum so appropriated had been received from and paid by B., who was an accommodation indorser of the note without consideration, per hand of S. (the maker). The money had, in fact, been paid without B.'s authority or knowledge, but the

plaintiff showed him the receipt, and he thereupon examined it and expressed his approval.—*Held*, that the payment took the case out of the statute of limitations as to such indorser.

MOTION for a new trial on a case, and exceptions taken at a Circuit Court, on a verdict for the plaintiff, and ordered to be heard in the first instance at the General Term.

The action was commenced against Shearman, on the 10th day of July, 1865, as maker of three promissory notes, and against Ballou on the 11th day of July, 1865, as indorser of the notes.

Shearman did not appear, and Ballou in his answer set up that he was accommodation indorser of Shearman on each of the notes, and that the notes had been past due more than six years before the commencement of the action, and were barred by the statute of limitations.

The issues were tried at a Circuit Court, held in the county of Oneida, before his honor Justice MORGAN and a jury, and a verdict was rendered for the plaintiff, on the notes, including interest, to the amount of $6,061.87, which Ballou moved to set aside.

The material facts are stated in the opinion.

*Charles H. Doolittle,* for the plaintiff.

*F. Kernan,* for the defendant.

Present—FOSTER, MULLIN and MORGAN, JJ.

By the Court—FOSTER, P. J.   The execution of the notes was admitted by the pleadings, and that Benjamin N. Huntington, the plaintiff, was the president of the Bank of Utica, a bank duly incorporated under the laws of this State, and the plaintiff's counsel read the notes in evidence, made by the defendant, J. A. Shearman, and indorsed by Sarah Shearman and also by the defendant, Theodore P. Ballou, of which notes the following are copies:

$500.                                    UTICA, *June 16th*, 1858.

Three months after date, I promise to pay to the order of Mrs. Sarah Shearman, at the Bank of Utica, five hundred dollars, value received.

                                        J. A. SHEARMAN.

$1,500.                              UTICA, *September 17th*, 1858.

Three months after date, I promise to pay to the order of Mrs. Sarah Shearman, at the Bank of Utica, fifteen hundred dollars, value received.

                                        J. A. SHEARMAN.

$2,000.                               UTICA, *October 5th*, 1858.

Three months after date, I promise to pay to the order of Mrs. Sarah Shearman, at the Bank of Utica, two thousand dollars, value received.

                                        J. A. SHEARMAN.

And the proof showed that Ballou was the accommodation indorser of Shearman, and that he indorsed the notes without any consideration received by him therefor.

On the 26th of July, 1859, Shearman, without any request to do so from Ballou, and without any assent thereto, or knowledge thereof by him, paid with his own funds, on those and other demands, which the bank held against him, to the cashier thereof, P. V. Rogers, the sum of $1,145.80, for interest due thereon, and took from the cashier a statement and receipt, a copy of which was read in evidence as follows:

"INTEREST ON J. A. SHEARMAN'S DEBT.

| | | |
|---|---|---|
| Higham & Co., note due Nov. 17, 1857 . | $300 00 | |
| Interest on same to July 1, 1859 ..... | ....... | $34 00 |
| Higham & Co., note due Oct. 21, 1857.. | 250 00 | |
| Interest on same to July 1st, 1859.... | ....... | 34 60 |
| Dorastus Kellogg, due Oct. 13, 1857.... | 717 00 | |
| Interest on same to July 1, 1859 ..... | ....... | 86 00 |
| Dorastus Kellogg, due January 7, 1858 . | 807 00 | |
| Interest on same to July 1, 1859 ..... | ....... | 83 80 |
| Carried forward, ...................... | | $238 40 |

Huntington *v.* Ballou.

| | | |
|---|---:|---:|
| Brought forward, ...................... | | $238 40 |
| Utica Lock Company, due Dec. 4, 1857 . | $312 48 | |
| Interest on same to July 1, 1859 ..... | ....... | 34 38 |
| Chatfield Pt., due Nov. 27, 1857....... | 1,057 54 | |
| Interest on same to July 1, 1859 ..... | ....... | 118 09 |
| Same, due Nov. 9, 1857 .............. | 1,475 24 | |
| Interest on same to July 1, 1859 ..... | ....... | 169 70 |
| Same, due Oct. 11, 1857 .............. | 1,470 31 | |
| Interest on same to July 1, 1859 ..... | ....... | 176 86 |
| J. A. Shearman's note, due Sept. 18, 1858 | 500 00 | |
| Interest on same to July 1, 1859 ..... | ....... | 27 50 |
| Same, due Nov. 10, 1858 ............. | 1,000 00 | |
| Interest on same to July 1, 1859 ..... | ....... | 44 67 |
| Same, due Sept. 21, 1858 ............. | 800 00 | |
| Interest on same to July 1, 1859 ..... | ....... | 43 53 |
| Same, due July 20, 1858 .............. | 800 00 | |
| Interest on same to July 1, 1859 ..... | ....... | 52 86 |
| Same, due Dec. 9, 1858............... | 3,000 00 | |
| Interest on same to July 1, 1859,..... | ....... | 117 66 |
| Same, due Dec. 20, 1858 .............. | 1,500 00 | |
| Interest on same to July 1, 1859 ..... | ....... | 35 38 |
| Same, due January 8, 1859............ | 2,000 00 | |
| Interest on same to July 1, 1859 ..... | ....... | 66 77 |
| | | $1,145 80 |

"Received, July 26, 1859, of T. P. Ballou, per hand of J. A. Shearman, for interest due July 1, 1859, to this bank, from J. A Shearman, as per above statement, $1,145.80, which amounts respectively stated above, so paid by said Ballou as aforesaid, are hereby transferred as claims against the parties: to the several notes, on the notes and papers referred to, subject to the claims of the Bank of Utica, for principal and interest from July 1, 1859, on the said notes, claims, demands: or judgments, intended to be represented by the foregoing statement.

P. V. ROGERS, *Cashier.*"

Huntington *v.* Ballou.

Rogers testified that the statement was made out, and the receipt executed in the form in which it appeared, at the request of Shearman; Shearman, who was a witness for the defendant, testified that he did not make such request, but that Rogers, if he ever executed such a receipt, drew it according to his own notion, without any suggestion from him, and without any direction from him, to have it so drawn; and, that if he ever took such a receipt from Rogers, he never showed it to Ballou, or talked with him about it.

Rogers further testified, "I showed this copy of the statement and receipt to Ballou, August 29, 1859, at my desk at the bank; I showed it to him, and stated to him, I had given such a receipt as that, and asked him to examine it, he did, and said it was all right." On his cross-examination, he also testified that he showed the paper to Ballou; that "he examined it; he took it and looked at it; his name does not appear in the statement; I think I remember his tossing the paper back and saying "that was all right." Ballou testified that he did not, to his recollection, see any such statement and receipt at any time before the trial; that Shearman did not at any time show him any such receipt, or converse about it; and to his recollection, no such receipt was shown to him by Rogers; and that he had no recollection of having any such conversation with Rogers about it, as Rogers had stated. Rogers further stated, that after he had shown the copy of statement and receipt to Ballou, and he had said it was all right, that he, Rogers, then made a memorandum thereon as follows: "T. P. B., August 29, 1859, O. K."

This conflict of testimony the jury have determined, by their verdict, according to the testimony of Rogers, and have thereby found that the statement and receipt were drawn pursuant to the directions of Shearman, and were, on the 29th of August, 1859, shown to Ballou, and examined by him and returned with his answer that it was all right. Testimony was also given to show that Shearman, on the December and July following, made payments of interest

Huntington v. Ballou.

on the notes; but those payments were not allowed in evidence against Ballou, for the want of proof to connect any agency on his part with them.

And the principal question, therefore, is whether the evidence above given, warranted the jury in finding that Ballou adopted the payment made by Shearman, on the 26th of July, 1859, and whether such adoption amounted to a payment by Ballou, within the meaning of the statute, in reference to the limitations of actions.

In order to avoid the operation of the statute of limitations upon a demand which has been due for more than six years, before the commencement of the action, there must have been an acknowledgment or promise in writing, signed by the party to be charged therewith, or a payment by him of principal or interest must be proved.

It is well settled that a payment by one party, liable on a demand, whether maker or indorser, is not such payment as will make another party liable, and therefore the payment by Shearman, as such does, not help the plaintiff in this action; and unless, under the facts found by the jury, it is established that as between Ballou and the plaintiff, the payment was made by Ballou, the plaintiff was not entitled to a verdict against him.

It is not necessary that the *act* of such payment should be proved. It would doubtless be sufficient, to prove the payment by the oral confession of the person sought to be charged that he had made it; and although the facts proved in this case to establish the payment by Ballou are different from those of any other which has come to my knowledge, it seems clear to me that Ballou, by what took place between him and Rogers, as the jury have found, adopted the payment made by Shearman as his own and became entitled, as between him and the other parties liable on the notes, to the benefits secured to him by the receipt, and, as to the plaintiff, assumed the legal liabilities consequent upon such payment to the same extent as if it had been actually made by him.

(*Commercial Bank of Buffalo* v. *Warren,* 15 N. Y., 577, 580, 582.)

These acts of his took place in the presence of, and with the cashier of the plaintiff, and the plaintiff had thereafter the right to consider Ballou as the actual payer of the interest, and to rely upon such payment as against him, and I think Ballou could not afterward repudiate such payment or claim that it was not made for him.

Rogers had the right thereafter to suppose that the payment made by Shearman was so made with the full understanding and arrangement that it should be so made for him (Ballou); and it is too late when, without such payment, the debt would be barred, to set up that his acts, which induced the plaintiff to delay the commencement of the action, did not amount to an admission of payment by him.

On the trial two deeds for the transfer of real estate were given in evidence by the plaintiff against the objection and exception of Ballou. I do not think that the court committed any error in receiving them in evidence. They were intended as a portion of the evidence to show that Ballou was more than an accommodation indorser, and that the indebtedness to the bank arose out of transactions in which Ballou was interested with Shearman; but the proof failed to establish this, and it is quite clear, from the manner in which the court submitted the case to the jury, that Ballou could not have been prejudiced thereby.

So, too, several exceptions were taken to portions of the charge of the court; but it is sufficient to say that the question was clearly left for the jury to find (assuming that Shearman made the payment from his own funds, and took the statement and receipt without any arrangement or assent to his doing so on the part of Ballou, and without any subsequent arrangement between them that Ballou should adopt the payment as his own), whether the facts were as sworn to by Rogers, and that if so, the plaintiff was entitled to recover.

I think the charge of the judge was correct, that a new

trial should be denied, and that judgment on the verdict should be entered for the plaintiff.

MORGAN, J., concurred.

MULLIN, J., did not vote.

Judgment for the plaintiff.