JAMES HARPER, Administrator, etc., Respondent, *v.* HUGH E. FAIRLEY, Appellant.

The reason of the rule, that part payment of a debt enlarges the time within which an action can be brought thereon, is that such payment is an acknowledgment by the debtor of his liability for the whole debt; and from this acknowledgment a new promise to pay is implied, dating from the time of the part payment. To bring a case within the reason of the rule the payment must be made by the party to be charged, or by one authorized to make a new promise on his behalf for the residue.

Where, therefore, the maker of a promissory note transferred to the holder a note given by a third person, which was to be applied as payment when collected, which latter note was paid some years after it had matured, in an action against the maker upon the former note more than six years after such transfer, but within six years of the payment, *held* (GROVER, J., dissenting), that no authority from defendant to make the payment when it was made, or new promise therefrom, upon his part, could be implied, and that the action was barred by the statute of limitation.

(Submitted June 5, 1873; decided September 23, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts are stated sufficiently in the opinion.

*M. Fairchild* for the appellant. The court erred in holding that the payments on the Dennison note would take the note in suit out of the statute of limitations. (*Sands* v. *Gilston*, 15 J. R., 511; *Stafford* v. *Richardson*, 15 Wend., 302; *Van Keuren* v. *Parmerlee*, 2 Comst., 523; *Shoemaker* v. *Benedict*, 1 Kern., 176.) No new promise can be inferred from the act of one intrusted with funds, or property to convert into funds, to be applied on demand. (*Picket* v. *King*, 34 Barb., 193; affirmed, *Picket* v. *Admrs. of King*, 34 N. Y., 175; *McLaren* v. *McMartin*, 36 id., 88.)

*J. W. Martin & H. K. Sharpe* for the respondent.

RAPALLO, J. This action was commenced in June, 1869, by Thomas Wood, plaintiff's intestate, against Hugh E. Fairley and James M. Fairley, to recover a balance alleged to be due upon a joint and several promissory note for $293 made by them, payable to Wood or bearer one year after date, with use. The note was dated March 31, 1853, sixteen years before the commencement of this action. The defendants interposed the defence of the statute of limitations. The court below sustained the defence as to the defendant, James M. Fairley, and no question now arises in respect to his lia-

bility. As to the defendant, Hugh E. Fairley, the case was submitted to the jury, who found against him. It appeared upon the trial that in April, 1857, Hugh E. Fairley delivered to Wood a promissory note made by John M. Dennison and Andrew Dennison, dated March 26, 1857, for $100, payable on the first of January, then next, to said Fairley or bearer, and took from Wood a receipt therefor, " to apply on a certain. note which I hold against the aforesaid Hugh E. Fairley and James Fairley, when collected." Upon this note of the Dennisons, payments of interest were made by them to Wood from time to time ; and the principal was paid, according to the testimony of Dennison, in November, 1862, and, according to the testimony of Wood, in November, 1863. Fairley was not present at this payment. The court charged the jury that the payments made by Dennison on the note described in the receipt had the same effect to take the case out of the statute of limitations against the defendant, as if made by the defendant with his own hand upon the note in suit ; and that if the jury found that the last payment made by Dennison upon his note was made in November, 1863, the plaintiff was entitled to recover, notwithstanding the defence of the statute of limitations. This portion of the charge was excepted to.

The effect of a part payment in taking a case out of the operation of the statute of limitations, or rather in enlarging the time during which an action may be brought, is not derived from any statutory provision, but results from the decisions of the courts, and depends wholly upon the reason of those decisions. The reason is that a part payment made on account of a claim is an acknowledgment by the debtor of his liability for the whole demand ; and from this acknowledgment a new promise on his part to pay the residue is implied. The undertaking of the debtor, as to the unpaid part of the debt, is thus, by a legal presumption, renewed and made to date from the time of the part payment. The origin of this doctrine is clearly set forth in the opinion of BRONSON, J., in the case of *Van Keuren* v. *Parmelee*

(2 N. Y., 523). It is obvious that to bring a case within the reason of the rule the part payment must have been made by the party to be charged with the effect of it, or an agent authorized thus to charge him. It has accordingly been held that a payment by one of several joint debtors, is not sufficient to revive the demand as to the others (*Van Keuren* v. *Parmelee, supra*), and that it makes no difference, in this respect, whether the payment was made before or after the demand had been barred by the statute (*Shoemaker* v. *Benedict,* 11 N. Y., 176), the decision of Lord MANSFIELD to the contrary in the leading case of *Whitcomb* v. *Whiting* (Doug., 652), and the cases which have followed it, being overruled. It is also established that a part payment by a surety does not revive the demand against the principal, unless made at the express request of the principal (*Winchell* v. *Hicks,* 18 N. Y., 558), and that a part payment, by assignees of an insolvent debtor, does not revive the demand against the debtor (*Pickett* v. *Leonard,* 34 N. Y., 175), nor a payment by an executor or administrator. (*McLaren* v. *McMartin,* 36 N. Y., 88.). The reasoning of these cases determines that a part payment, whether made before or after the debt is barred by the statute, does not revive the contract, unless made by the debtor himself or by some one having authority to make a new promise on his behalf for the residue. This is illustrated by the distinction between a part payment made by a partner during the continuance of the partnership, and one made by him after dissolution. (*Bell* v. *Morrison,* 1 Peters, 351; approved by this court in 2 N. Y., 533.)

The provision of section 110 of the Code does not change the nature or effect of a part payment. It merely recognizes and continues the rule as established by the decisions.

The payment in the present case was not made by the debtor, nor, so far as the facts are established by the verdict, with his knowledge, but by one whose obligation had been transferred several years previously to the creditor as security for the debt. The payment was not made until years after

this collateral obligation had matured. There could, consequently, be no implied authority to make the payment at the time it was made. It is impossible to spell out of the transaction any new promise of the debtor, cotemporaneous with the part payment, to pay the residue of the debt.

Facts were sworn to by the plaintiff which, if they had been submitted to the jury and found in his favor, would have established the express assent of the defendant to this payment and a liquidation by him of the amount to be credited on the note in suit. But these facts were controverted and were not submitted to the jury; and the instruction of the judge authorized them to render a verdict for the plaintiff even though they should disbelieve his evidence in that respect. That evidence cannot, therefore, avail the plaintiff on this appeal.

There must be a new trial, with costs to abide the event.

All concur, except GROVER, J., dissenting, and CHURCH, Ch. J., not voting.

Judgment reversed.