CLARENCE H. SMITH, Survivor, etc., Appellant, v. THOMAS RYAN, Respondent.

The delivery by a debtor to a creditor of a promissory note of a third person, as collateral security for, or as conditional payment, in part, of his debt, is equally an acknowledgment of liability for the whole debt, as would be an absolute payment, and is equally effectual to suspend the operation of the statute of limitations.

It is, however, only evidence of an acknowledgment and promise to pay at the time of the delivery of the note, not at the time of its maturity or when it is paid by the maker; the latter is not constituted agent of the debtor to renew the promise by payment, whether made at maturity or afterwards, and the statute begins to run from the time of the delivery. *Whipple* v. *Blackington* (97 Mass., 476) distinguished.

(Argued May 29, 1876; decided June 6, 1876.)

APPEAL from order of the General Term of the Superior Court of the city of New York, reversing a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 7 J. & S., 489.)

This action was brought by plaintiff, as survivor of the firm of Isaac H. Smith & Son, to recover an alleged balance due that firm for goods sold. The defence was the statute of limitations. The referee found the following facts, among others

That, on the 10th day of April, 1868, the defendant was indebted to the said firm in the sum of $2,501.53 on account that, on or about the 14th day of April, 1868, the defendant indorsed and delivered to the said firm two notes for $500

each, made by Betts & Gay, dated April 6, 1868, and payable in two and five months, respectively, with interest from their date; that, upon the receipt of the said notes from the defendant, they were entered in the books of plaintiff's firm by charging them to bills receivable and crediting them to the defendant's account; that, upon the maturity of said notes, respectively, the principal and interest thereon were paid to the plaintiff's firm, and the sums collected for principal thereon were carried to the credit of bills receivable upon their books; that the last item proved in the mutual account, between defendant and the plaintiff's firm, was the receipt in September, 1868, of the amount of the note of Betts & Gay for $500, and interest thereon for five months; that this action was commenced on the 5th day of June, 1874, within six years after the said last item of the said account between the defendant and plaintiff's firm.

As conclusion of law he found that plaintiff was entitled to judgment for the balance of the account, and judgment was entered accordingly.

*Samuel Hand* for the appellant. The delivery of the notes being on a precedent debt, and there being no evidence of an agreement to take them in absolute payment, the presumption is that they were received as collateral, to be credited as payments when paid. (*Noel* v. *Murray*, 13 N. Y., 168; *Gibson* v. *Toby*, 46 id., 640; *Vail* v. *Foster*, 4 id., 312; *Darnell* v. *Morehouse*, 45 id., 65, 71; *Whitbeck* v. *Van Epps*, 9 J. R., 408; *Breed* v. *Book*, 15 id., 241.) The notes were not a payment when delivered. (Edw. on Bills and Notes, 272; *Bk. of Utica* v. *Ballou*, 49 N. Y., 155; *Coml. Bk.* v. *Warren*, 15 id., 577; *Huntington* v. *Ballou*, 2 Lans., 120.) The date of the payment is to be reckoned from the payment of the notes. (*Whipple* v. *Blackington*, 97 Mass., 473; *Chapman* v. *Boyce*, 16 N. H., 237.)

*Jas. B. Lockwood* for the respondent. The indebtedness in suit was barred by the statute of limitations. (*Harver* v

*Fairly*, 53 N. Y., 442; *Turney* v. *Dodwell*, 24 E. L., and Eq., 92; *Hart* v. *Nash*, 2 Cr., M. & R., 337; *Hooper* v. *Stephens*, 4 A. & E., 71; *Pickett* v. *Leonard*, 34 N. Y., 175; *Miller* v. *Talcott*, 46 Barb., 167; *Wainman* v. *Kynman*, 1 Exch., 117; *Tippets* v. *Heane*, 1 C., M. & R., 252; *Butts* v. *Perkins*, 41 Barb., 509; *Read* v. *Hurd*, 7 Wend., 409.) The statute began to run from the time of the transfer of the notes to defendant. (*Gowan* v. *Foster*, 3 B. & Ad., 507; *Griffith* v. *Owen*, 13 M. & W., 58; *James* v. *Williams*, id., 828; *Irving* v. *Veitch*, 3 id., 90.) The makers of the notes were not defendant's agents for any other purpose than to relieve him of his liability on the notes; they could not bind him on the antecedent debt. (*Creuse* v. *Defignoiux*, 10 Bosw., 122; *Pickett* v. *Leonard*, 34 N. Y., 175; *Bloodgood* v. *Bruen*, 8 id., 362; *Winchell* v. *Hicks*, 18 id., 558; *McLaren* v. *Martin*, 36 id., 88.)

ALLEN, J. The transfer by the defendant to the plaintiff of the note of Betts & Gay in April, 1868, was not a satisfaction of the debt owing by him to the plaintiff *pro tanto*, but was merely a conditional payment which could only result in an actual satisfaction upon the payment of the notes by the makers. (*Vail* v. *Foster*, 4 Com., 312; *Whitbeck* v. *Van Ness*, 11 Johns., 409; *Noel* v. *Murray*, 3 Kern., 167.) The delivery of the notes was, nevertheless, an acknowledgment at the time of an existing indebtedness, from which the law would imply a promise to pay the residue of the debt so as to suspend the operation of the statute of limitations and give an action for the debt thus admitted at any time within six years thereafter. The statute of limitations preserves the common law rule as to the effect of a partial payment either of the principal or interest, to continue in life or revive the entire debt which would otherwise be barred by the statute of limitations. (Code, § 110.) The delivery of a bill or note as collateral security or as a provisional or conditional payment in part of a debt is equally significant as an acknowledgment by the debtor of his liability for the whole demand, as would

be an absolute payment of a like amount, and is within the reason of the rule which makes such payment an acknowledgment of a liability from which a new promise to pay the residue is implied. The act is of the same character and equally unequivocal as a payment in fact. The reasons upon which the general principle referred to is founded are well stated in *Van Keuren* v. *Parmelee* (2 Com., 523) and *Harper* v. *Fairley* (53 N. Y., 442). The effect of the transaction is the same, whether the collateral security or conditional payment are made available and result in the payment of any part of the debt or not. The statute of limitations is answered from the time of the delivery of the collateral security. In *Turney* v. *Dodwell* (3 E. & B., 136) it was held, that the word "payment" in the proviso of the English statute of limitations, the same in substance as that found in our own statute, was used in the popular sense so as to include a giving and taking of a negotiable instrument on account of a debt as well as a giving and taking of it in satisfaction of the debt. The rule in that case was applied although it was assumed, that the payment in question was not absolute and in satisfaction so as to be a discharge, if the bill were dishonored. The delivery of a bill as a conditional payment, was held in its immediate operation to be an acknowledgment of the balance of the demand being due, and that such operation was not affected by the fact that a payment was liable to be defeated at a future time.

Had this action been brought within six years after the delivery of the notes to the plaintiff, the case would have been clearly within the proviso of the statute, as if an actual payment had been made at that day. The act, and the intention evidenced by it, is the same, whether the payment is absolute or conditional. The question then is, whether the payments to the plaintiff by the makers of the notes transferred, at their maturity, can be regarded as payment by the defendant on those days and thus operate as repeated acknowledgments of the residue of the debt, as it existed on the day of the delivery of the notes. It certainly does not necessarily follow,

that because an indebtedness existed in April, the same indebtedness continued and in the same form several months thereafter. Payments may have been made, and the relation of the parties, as debtor and creditor, have been essentially changed during the intervening period. The principle is recognized in all the cases, that a payment, which is to operate as an acknowledgment, must be made by the debtor or his authorized agent; that is, an agent having authority to make a new promise or to perform for the party the very act which is to be the evidence of a new promise. (*Harper* v. *Fairley, supra*; *First National Bank of Utica* v. *Ballou,* 2 Lans., 120; Aff., 49 N. Y., 155.) Betts & Gay, the makers of the notes, in paying the same discharged their own obligations, and did not in any respect represent or act in behalf of the defendant. The payments were made because of their obligation, not by reason of any request of the defendant. By the transfer of the notes to the plaintiff, they had become his debtor and their obligation was to him. The fact that the effect of the payment of their own debt was to satisfy to the same amount the debt of the defendant, did not vary the effect of the act or change the relation of the parties. There is no agency as between several joint debtors, or between principal and surety, or between an insolvent debtor and his assignees, which will make a payment by one, evidence of an acknowledgment of the debt of the others, so as to revive the demand. (*Van Keuren* v. *Parmelee, supra; Shoemaker* v. *Benedict,* 1 Kern., 176; *Winchell* v. *Hicks,* 18 N. Y., 558; *Pickett* v. *Leonard,* 34 id., 175). It would seem to follow, from the principle upon which these cases rest, that the debtors of the defendant in the payment of their debt to the plaintiff were not the agents of the defendant. In *Harper* v. *Fairley* this court held that the payment by the maker of a promissory note, transferred to the creditor under like circumstances as in this case, to be applied as a payment when collected (such payment being made long after the maturity of the note), was no evidence of authority from the defendant, who had transferred the note to his creditor, to make the payment when it was

made, and that no new promise upon his part could be implied from such payment. The effect of a payment of the note thus transferred, at maturity, was not considered, but I am unable to see why, if from the mere fact of the transfer of the note an agency is created in the maker, by which his payment of his own debt when due, without interference from the original debtor, is made the act of the latter, so as to be evidence of a new promise, such agency does not continue so long as the obligation to pay remains. The original debtor would certainly be entitled to the benefit of a payment made at any time, and the authority would not cease until revoked by a re-transfer of the note to the original debtor. The transfer of a note yet to become due on account of a debt is not in effect a stipulation or admission that the residue of the indebtedness shall remain until the maturity of such note. The difficulty in the plaintiff's case is to give a new character to the simple act of paying one's own debt, by making it a payment by a third person and to change the relation of debtor and creditor into that of principal and agent. The same question was before the Court of King's Bench in *Gowan* v. *Forster* (3 B. & Ad., 507), and it was held that the drawing of a bill by the debtor upon his consignees on account of a sum due to the drawees was only evidence of a promise to pay the residue of the debt at the time when it was drawn, and not when it was paid, and therefore did not take the case out of the statute. It was evidence of a promise at the time when the bill was given, and not a subsequent one. LITTLEDALE, J., says: "The bill might be an authority to the agent to pay at another time, but no promise by the principal at such a time." The payment by Betts & Gay was no evidence that the defendant intended to recognize any debt as then subsisting against him and which he was willing to pay. *Read* v. *Hurd* (7 Wend., 408), *Haven* v. *Hathaway* (20 Me., 345), and *Porter* v. *Blood* (5 Pick., 54) were decided substantially on the same ground as *Harper* v. *Fairley* (*supra*). *Whipple* v. *Blackington* (97 Mass., 476) was decided chiefly upon the statutes of Massachusetts, essentially different from the English statute

of limitations or the statute of this State, and upon the effect of a payment upon a collateral security collected by the debtor as the agent of the creditor and paid to him. The case is clearly distinguishable in its facts from the present, aside from the construction and effect given to the statutes under which the question arose. Betts & Gay were not the agents of the plaintiff in paying their debt, and no implication arises from such payment of an acknowledgment by the defendant of the existence of the debt for which this action is brought and no promise by the defendant can be implied therefrom. We are not called upon to decide what would be the effect of payment by a debtor of one indebted, made at the special request of the latter. Circumstances might be such that the payment might be deemed the act of the original debtor. But such is not the case where a bill or note is transferred on account of a debt, either as collateral to it or a conditional payment of it. The transfer of an obligation does not constitute the obligor the agent of the transferrer.

The order must be affirmed and judgment absolute for defendant.

All concur.

Judgment affirmed.