ROBERT BODELL, APPELLANT, *v.* ALEXANDER GIBSON, RESPONDENT.

*Statute of limitation—what agreement does not operate to take a case out of it.*

May 1, 1866, the plaintiff leased a house of the defendant, at the yearly rent of $68, and lived therein until May 1, 1870. When the first quarter's rent came due the plaintiff told the defendant he wanted to pay the rent, but the latter said : " No; let that apply on what was laying there," referring to loans previously made by the plaintiff to him. No rent was ever paid by the plaintiff. On April 28, 1876, he brought this action to recover the amount due upon the loans, claiming that the effect of the agreement was that the rent, as it fell due, was to be applied as a payment upon the loans, and that as the last rent fell due May 1, 1870, the case was thereby taken out of the statute of limitations.

*Held,* that the referee properly held that the agreement only related to the payment of the first quarter's rent, and that the action was barred by the statute.

*Held,* further, that the case was not one of running or mutual accounts.

*Quære,* as to whether the bar of the statute would have been removed even if such an agreement as the plaintiff claimed existed, had been proved.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

The action was brought to recover money loaned by the plaintiff to the defendant. The defense was the statute of limitations.

*John E. Van Etton*, for the appellant.

*John J. Linson*, for the respondent.

LEARNED, P. J.:

The evidence by which the plaintiff claims to take this action out of the statutory limitations is as follows: The plaintiff rented a house of the defendant, May 1, 1866, at $68 a year rent, by verbal lease; and lived therein four years. When the first quarter was up, he told defendant that he wanted to pay him the rent. The defendant said: "No, let that apply on what was laying there," referring to the loans. Nothing more was ever said on the subject, and no rent was ever paid. The plaintiff now insists that the effect of the conversation was that the rent was to be a payment on the loans; that the last rent payable was May 1, 1870; and that, as this action was commenced April 28, 1876, it is not barred by the statute.

We think that the referee correctly found that there was no binding agreement proved, to the effect that the whole rent was to apply on the loans. The conversation related to the rent then supposed to be payable; that is, the first quarter. When the rent of the second quarter, or of any following quarter, had become due, if the defendant had sued the plaintiff thereon, it is plain that the conversation given in evidence would not have been sufficient to defeat a recovery. It would have been said, and said correctly, that that conversation was not an agreement as to all or any of the future rent. The plaintiff wanted to pay "the rent," that is, the quarter's rent then due; and the defendant referring to the money which the plaintiff then wanted to pay, said, let *that* apply, &c.

And from the mere fact that rent was not paid during the whole four years we should not be justified in extending the meaning of the conversation beyond the subject which the parties then had in mind, and of which they were then speaking.

'It may be that there was a tacit thought, by each of the parties, as rent came due from time to time, that the defendant was indebted upon the loans. But we find no evidence of an agreement of their minds to apply the subsequent rent to the loans.

Perhaps, in this view of the matter, it is hardly necessary to discuss the legal question whether, if the parties had agreed at the time of this conversation, in 1866, that all rent thereafter to become due should be applied on the note, this agreement, without any further act on the part of either, would have made the rent which became payable May 1, 1870, a payment on the loans; so as to take them out of the statutory limitation.

A somewhat similar question was decided adversely to the views of this plaintiff, by the General Term of this department, in November, 1877, in the case of *McDonnell* v. *Blanchard* (not reported), citing *Harper* v. *Fairly* (53 N. Y., 444).

Nor is the present case one of running or mutual accounts. (*Perrine* v. *Hotchkiss*, 2 Thomp. & C., 370; 59 N. Y., 649; *Cuck* v. *Quackenbush*, 20 Sup'm. Ct., 107.)

The judgment should be affirmed, with costs.

WESTBROOK, J.:

I concur with some reluctance in the result of the foregoing opinion. It was for the referee to decide as a fact, whether or not, by the agreement of the parties, the rent due and to become due to the defendant was to be applied on the loan of money which plaintiff had previously made to him. If there was such an agreement, then each quarter's rent as it became due was a payment on the loan, and six years had not elapsed between such last payment and this action. I concede, that the language used by the defendant when the first quarter's rent matured, would not of itself have been sufficient to justify such a finding as the plaintiff claimed. But it does, however, seem to me, that such language, with the conduct of the parties, the non-claiming of rent by the defendant, with the continued occupation by the plaintiff of the premises, would have justified the referee in finding an agreement to apply all future accruing rent upon the borrowed money. The referee has not, however, so found, and I concur in the affirmance of the

judgment, upon the ground that the inference to be drawn from the words and acts of the parties is not so clear as to justify the reversal upon the question of fact.

Present—LEARNED, P. J., BOCKES and WESTBROOK, JJ.

Judgment affirmed, with costs.