ULSTER COUNTY.—Hon. ALTON B. PARKER, SURROGATE.—July, 1882.

ELTINGE v. HULL.

*In the matter of the judicial settlement of the account of* JOHN J. HULL, *and another, administrators of the estate of* WILLIAM B. ROBERTS, *deceased.*

Under Code Civ. Pro., § 395—which prescribes a written acknowledgement or promise as the only competent evidence of a new or continuing contract, whereby to take a case out of the operation of the statute of limitations, but saves the effect of a payment of principal or interest,—a payment on account of a debt, made by a surety

without request from his principal, will not set the statute running anew from the date thereof, as against the latter.

An assignee of a distributive share in a decedent's estate can procure, upon a judicial settlement of the administrator's account, a decree directing payment to him, but the same will be made subject to the equities existing between his assignor and the decedent.

Decedent, who died intestate in 1879, signed, in 1870, with his son J., for the latter's accommodation, their joint and several promissory note, payable one year after date, on which J. made a partial payment in 1872, and decedent paid the balance in 1876, obtaining possession of the note and making no attempt to collect from J. After the death, J. assigned his rights, as distributee in his father's estate to E., who, upon the administrator's accounting in 1882, sought payment to himself of the share of his assignor.—

*Held*, that, though, by the payment in 1876, the note was extinguished, a new obligation was created on J.'s part, to repay the sum then advanced, which sum, with interest thereon, must accordingly be deducted from J.'s distributive share, and the balance be paid to the assignee.

CONTEST, upon the judicial settlement of administrator's account, with respect to the rights of Abram V. N. Eltinge, as assignee of Jacob Roberts, in the latter's distributive share of decedent's estate. The facts appear sufficiently in the opinion.

J. N. VANDERLYN, *for administrators.*

J. N. FIERO, *for assignee.*

THE SURROGATE.—On November 25th, 1870, Jacob Roberts and William B. Roberts made their joint and several promissory note, payable, one year from date, to the order of Jacob G. DuBois, for $700. The proceeds of the note were received by Jacob Roberts, William having signed the note for his accommodation. On July 29th, 1872, Jacob Roberts paid $400 on the note, and on May 2nd, 1876, William, the surety, paid the balance due, viz. : $482.61, and ob-

tained possession of the note. On September 2nd, 1879, William died without having attempted to collect from Jacob Roberts the money he had paid for him, as surety on the note. On October 11th, 1879, Jacob Roberts assigned to Abram V. N. Eltinge all his right, title and interest in and to the estate of William B. Roberts, his father.

The administrators, on this their accounting, claim that Jacob Roberts is indebted to the estate of his father in the sum of $482.61, with interest from May 2nd, 1876, and that this amount must be deducted from Jacob's distributive share. Abram V. N. Eltinge insists that the indebtedness of Jacob Roberts to the decedent is barred by the statute of limitations, and claims the share of said Jacob under the assignment.

By § 382 of the Code, an action upon a contract obligation or liability, express or implied, except a judgment or sealed instrument, must be commenced within six years. By § 395, either a written acknowledgement of the debt, or a payment by the party, is the only competent evidence of a new or continuing contract, whereby to take a case out of the operation of the statute. There is no evidence of a written promise by Jacob Roberts, hence the matter of payment, only, remains to be considered on this branch of the question. The only payment made by Jacob Roberts was that of $400, made on July 29th, 1872, whereby the time within which an action could be commenced against him was extended to July 29th, 1878. The payment of $482.61, made by William on May 2nd, 1876, is not claimed to have been made with the knowledge, consent, privity or procurement of Jacob Roberts. A part payment by

a surety does not revive the obligation against the principal, unless made at the express request of the latter (Harper v. Fairley, *53 N. Y., 442;* Hulbert v. Nichol, *20 . Hun, 455*). The right to recover of Jacob Roberts, on the note, was, therefore, barred by the statute of limitations, on July 29th, 1878.

The question remaining to be considered is whether the surety, having paid the sum of $482.61, on the note before the right to recover thereon was barred by the statute, did not have six years from the date of such payment within which to collect the moneys so paid for his principal. This question does not seem to have been directly passed upon by the courts of this State, thus making it necessary to consider somewhat the rights of sureties and the liabilities of principals.

A surety has no cause of action against the principal debtor, until he has actually paid the debt (Story Eq. Jur., § *499, b*). The payment, to establish a claim for recovery against the principal, must be compulsory, but yet this does not mean that there must be a suit; only a fixed and positive obligation is requisite. The law requires no one to wait for a suit (1 Parsons on Contracts, *33*). The decedent was legally liable to pay the note on May 2nd, 1876, when he made the payment, and such payment was, therefore, compulsory. He was compelled to pay for Jacob Roberts that which the latter ought to have paid himself, and was legally bound to pay. In Wright v. Garlinghouse (*27 Barb., 474*), the court says, at p. 479, that "where one is compelled to do for another what that other should do, and was compellable to do, the law implies not only a previous request that the thing should be done, but a promise to

compensate for doing it." The same rule is laid down in Parsons on Contracts. The payment made by decedent on May 2nd, 1876, was, in law, therefore, a payment at the request of Jacob Roberts, with a promise on his part to repay the amount so paid out. The payment by decedent paid the balance due on the note, and the liability of Jacob Roberts thereon was thereby extinguished.

In Elwood v. Deifendorf (*5 Barb.*, *398*), it is held that "the remedy of the surety, on payment of the debt, is not upon the original security, but is for money paid for his principal. The original debt is by the payment extinguished." Jacob Roberts, after payment, was not, therefore, liable on the note, for that indebtedness had been extinguished ; but on paying that indebtedness a new debt had been created, and he became liable to decedent in the sum which the latter paid for him, which payment, the law implies was made at the request of Jacob Roberts, and on his promise to repay. Jacob Roberts, therefore, became indebted to decedent in the sum of $482.61, on May 2nd, 1876; and the claim had six years to run, from that date, before the same would be barred by statute.

At the death of William B. Roberts, in December, 1879, Jacob Roberts, was indebted to him in the sum of $482.61 and interest ; and the amount of the indebtedness must be deducted from the share to which he is entitled, and the balance paid to his assignee.

Ordered accordingly.