# THOMAS J. McCAHILL, Respondent, v. SOLOMON MEHRBACH, Appellant.

*Statute of limitations — when a letter is a sufficient acknowledgment of a debt within section 395 of the Code of Civil Procedure.*

In this action, brought by the plaintiff to recover for services and disbursements, rendered and made by him as an attorney, upon the employment and retainer of the defendant, he sought to take the case out of the statute of limitations by a letter written to him by the defendant. The letter read as follows: " Your brother Ben has sent for me to come and see him on account of a bill I owe you for services. When I seen you last we were talking about the matter and you said you would wait until you got back. I think we better settle our matters between ourselves. When you get back I will show you what I owe you and will pay you. I have paid everybody and I think I can pay you." * * *

*Held*, that this was a sufficient acknowledgment or promise to take the case out of the statute of limitations, under section 395 of the Code of Civil Procedure.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*James M. Smith*, for the appellant.

*De Witt C. Brown*, for the respondent.

DANIELS, J.:

The demand recovered by the plaintiff was, in its greater part, barred by the statute of limitations, unless a letter written by the defendant to the plaintiff on the 17th of January, 1884, contained such an acknowledgment or promise to pay this indebtedness as would interrupt the running of the statute. The plaintiff's demand was for services and disbursements, rendered and made by him as attorney and counselor-at-law, upon the employment and retainer of the defendant. There was no other debt claimed to exist in his favor against the defendant, and the letter which was written must accordingly be held to have applied to, and been intended to, include this indebtedness. The letter was as follows:

"NEW YORK, *January* 17, 1884.

THOMAS J. McCAHILL, Esq.:

MY DEAR SIR. — Your brother Ben has sent for me to come and see him on account of a bill I owe you for services. When I seen you last we were talking about the matter and you said you would

wait until you got back. I think we better settle our matters between ourselves. When you get back I will show you what I owe you and will pay you. I have paid everybody and I think I can pay you. I hope you will get better before you get back, and hope our business relations will be as pleasant in the future as in the past, with the exception that I am not so overloaded with real estate and have more cash.

Yours truly,
SOLOMON MEHRBACH."

And in its first sentence it contained a clear acknowledgment that the defendant was owing the plaintiff a bill for his services. The concession was unqualified that he did owe the plaintiff this bill; and it was to the amount of that bill that the defendant alluded in the statement afterwards made that he would show the plaintiff what he owed him and would pay him. The additional sentence was prompted by the same intention, in which he stated that he had paid everybody and thought he could pay the plaintiff. There was no difference between the defendant and the plaintiff as to the fact that the former did owe the plaintiff a bill for his services. The difference, so far as it extended, included only the amount of the bill, and whatever that might be it was the import of the letter that the defendant agreed he would pay to the plaintiff. The letter contains, therefore, not only an acknowledgment that the plaintiff had a bill owing to him from the defendant for legal services, but in addition to that an actual promise that he would pay him what he would show him was in fact owing to him. It is not very important to consider the precise effect and extent of the promise, inasmuch as the preceding part of the letter contained a distinct and unqualified acknowledgment that he did owe the plaintiff a bill for the services which he had performed for the writer. For that acknowledgment under the law as it was at the time in force, and the decisions construing it, was sufficient to take this account out of the statute of limitations. What the Code of Civil Procedure, by section 395, has required to prevent the continued running of the statute is an acknowledgment or promise, contained in writing signed by the party to be charged thereby. This letter certainly contained the acknowledgment that the defendant owed the plaintiff a bill for his services, and from that acknowledgment the law will imply a

promise to pay the debt. What before the enactment of this pro. vision of the Code would take the indebtedness out of the statute, when the acknowledgment was made in words, will now be attended with the same result when such words have been reduced to writing and the writing has been subscribed by the debtor. (*Smith* v. *Ryan*, 66 N. Y., 352; *Kincaid* v. *Archibald*, 73 id., 189, 194; *Chace* v. *Higgins*, 1 Thompson & Cook, 229.)

What the letter in brief was intended to accomplish was to continue the relation of the parties in the condition in which they stood at the time when it was written. And that was to obligate the defendant to pay the plaintiff whatever might be justly owing to him upon his account for services rendered for the defendant. And as no more than that was recovered in the action, the judgment was right and it should be affirmed.

DAVIS, P J., and BRADY, J., concurred.

Judgment affirmed.