(3 Misc. Rep. 140.)

### COMPTON v. BOWNS.

(City Court of New York, General Term.    March 17, 1893.)

LIMITATION OF ACTIONS—PAYMENT WITHIN STATUTORY PERIOD.

    In an action for money alleged to be due, defendant pleaded payment in full, and the 10-years statute of limitations. The court charged that a certain payment made within the statutory period would not take the case out of the statute of limitations unless it was made as part payment of a larger sum, and, if it was a payment only of the precise sum admitted to be due by defendant, it would furnish no evidence of a promise to pay a larger or different sum, so as to take any larger or different sum out of the operation of the statute of limitations. *Held*, that such instruction sufficiently submitted to the jury the issue as to whether such payment was made as part payment, or as payment in full, and, the jury having found for plaintiff, the presumption was that they found such payment to have been made as part payment of a larger debt. Fitzsimons, J., dissenting.

Appeal from trial term.

Action by Oscar Compton against Henry E. Bowns to recover a balance due him on commission for selling coal for defendant. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and McGOWN and FITZSIMONS, JJ.

Putney, Bishop & Slade, for appellant.
Hyland & Zabriskie, for respondent.

McGOWN, J. The action was brought to recover the sum of $648.28, being a balance claimed to be due from defendant for services rendered as agent or broker in the sale of certain cargoes of coal between the 3d day of April, 1879, to or about the 18th day of August, 1881. It appeared from Schedule A, forming part of the complaint, that the total amount of the commission claimed during the above period was the sum of $9,366.56, and, from Schedule B, that the total amounts of payments made was the sum of $8,-718.28; leaving the balance, as claimed by plaintiff, of $648.28. It also appeared by said Schedule B that the last payment made by defendant was made on the 7th day of June, 1882, amounting to $366.42. The defense set up by the answer was that the coal was consigned to the plaintiff for sale upon the agreement that the plaintiff should sell the same as the agent of the defendant, receiving for his commissions and compensation such sums as he might obtain upon the sales, over and above the sums the various cargoes were invoiced at to him, and that plaintiff, in consideration thereof, guarantied to the defendant that defendant should receive, in any event, the whole amount of said invoiced prices, and that any losses by reason of nonpayment or otherwise should be borne by the plaintiff. Defendant, in his answer, also alleged that he had paid plaintiff in full before the commencement of the action, and that the cause of action set up in the complaint did not accrue within six years before the commencement of the action, and further sets up, as a counterclaim, moneys claimed to be due from plaintiff for coal consigned to plaintiff, and not paid for to defendant. Upon the trial it was conceded that plaintiff's sales or commissions amount to $9,168.41, and that the conceded payments amount to $8,748.28; leaving the amount claimed by plaintiff, exclusive of interest, of $420.13, and six items in dispute, amounting to $474.58, upon which six items evidence was given upon the trial on the part of both plaintiff and defendant.

Defendant, in his brief submitted, as stated therein, "rests his right to a new trial exclusively upon the rulings of the court respecting the application of the statute of limitations." After the plaintiff had rested, defendant's counsel moved to dismiss the complaint upon the ground that the claim of plaintiff was barred by the statute of limitations; that the amount paid by defendant to plaintiff on June 7, 1882, of $366.42, was a payment in full, and not a part

payment on account to take the debt out of the statute of limitations; and which motion was renewed at the close of the case, which motions were denied; to which rulings, defendant excepted. The issues of fact thus presented by the evidence for submission to the jury were as to the terms of the employment of the plaintiff by the defendant, and as to the amount for which plaintiff was entitled to recover. These issues were fully and fairly submitted to the jury by the trial justice in his charge, who also, at the request of defendant, further charged "that the payment made June 7, 1882, would not operate to take the plaintiff's claim out of the operation of the statute of limitations unless it was made as a part payment of a larger debt due from the defendant to the plaintiff; and, if it was a payment only of the precise sum admitted to be due by the defendant, its payment would furnish no evidence of a promise to pay any larger or different sum, so as to take any larger or different sum out of the operation of the statute of limitations,"—thus submitting a further issue to be passed upon, viz.: whether the payment of $366.42 made June 7, 1882, was made as a part payment of a larger debt, or as a payment in full. The burden of proof was upon the defendant, payment in full having been set up as an affirmative defense in the answer. All the evidence as to the accounts between the parties, as to payment and as to the alleged counterclaim, was before the jury; and, in rendering their verdict in favor of the plaintiff, they found in plaintiff's favor upon all the issues submitted, including therein that the payment of June 7, 1882, "was made as a part payment of a larger debt," and not a payment in full. The presumption is that the jury fully understood the charge of the trial justice, that they considered it in determining upon their verdict, and that they carefully and honestly discharged their duty. The trial justice clearly, in substance, instructed them that, unless the payment of June 7th was made as a part payment of a larger debt, the plaintiff could not recover. It is conceded that the last payment was made by the defendant on June 7, 1882, and that the action was commenced on June 7, 1888. The statute of limitations does not begin to run until after the date of the last item proved on the account of either side. Code, § 386. See, also, Green v. Disbrow, 79 N. Y. 1; Davison v. Budlong, 40 Hun, 247; Lawrence v. Harrington, 122 N. Y. 415, 25 N. E. Rep. 406. The action, having been commenced on the day of the last payment, was commenced in time. The only exceptions taken herein were upon the rulings of the trial justice in denying defendant's motion to dismiss. Such rulings were correct, and there is no merit in the exceptions. The jury having found in favor of plaintiff upon the evidence submitted, we see no reason why we should disturb their verdict, and we think the verdict was fully justified by the evidence. The judgment and order appealed from must be affirmed, with costs to the respondent.

EHRLICH, C. J., concurs.

FITZSIMONS, J., (dissenting.) The testimony of plaintiff shows that on February 15, 1882, a statement of the business dealings be-

tween plaintiff and defendant was submitted by defendant to plaintiff, and showed a balance due plaintiff, according thereto, of $359.64. This amount defendant claimed was the full sum due plaintiff, and in pursuance of such claim, on June 7, 1882, the defendant paid plaintiff the sum of $366.42, being said sum of $359.64 with interest from February 15 to June 7, 1882; and said payment, it is contended, was a part payment of a larger sum, which plaintiff claimed was due him by defendant, and therefore was not barred, because of such alleged part payment, by the statute of limitations, from recovering the balance due. In order to take a claim out of the statute of limitations by a part payment, it must appear that the payment was made on account of the debt for which the action is brought, and it must appear, further, that the payment is made as a part payment of a larger debt, because the principle upon which a part payment takes a case out of the statute of limitations is that it admits a larger debt to be due at the time of the part payment. Harper v. Fairley, 53 N. Y. 444. The above is the rule of law which must decide this appeal, and the question is, did the payment of $366.42 on June 7th take plaintiff's claim out of the statute? In my opinion, it certainly did not. The payment was based upon the account which defendant handed to plaintiff on February 15th, prior, and that statement conceded no larger indebtedness than $359.64, and therefore cannot be called a part payment of a debt. It was the payment of the whole debt, with interest, according to defendant's contention, and, if that statement was not satisfactory to plaintiff, he should have rejected the same, and refused to accept the said payment thereunder. He had no legal right to accept said sum, and apply it on account of the sum which he claimed to be due, and call it a part payment thereof. Such an act cannot relieve his debt from the effects of the statute. Where a debtor pays part of his debt, the debt is, by a legal presumption, renewed, and made to date from the time of the part payment. How can any such presumption be indulged in here? because defendant expressly declared that there was nothing further due, and that the payment he made was a discharge of the full debt. The motion made to dismiss the complaint should have been granted. It was error to deny it, and at least a new trial should be ordered, with costs to the appellant, to abide the event.