Fitzsimons, J. (dissenting.)
The testimony of plaintiff shows that on February 15,1882, a statement of the business dealings between plaintiff and defendant was submitted by defendant to plaintiff, and showed a balance due plaintiff, according thereto, of $359.64.
This amount, defendant claimed, was the full sum due plaintiff, and in pursuance of such claim, on June 7, 1882, the defendant paid plaintiff the sum of $366.42, being said sum of $359.64, with interest from February 15th to June 7, 1882; and said pay *500 ment, it is contended, was a part payment of a larger sum which plaintiff claimed was due him by defendant, and, therefore, was not barred because of such alleged part payment by the statute of limitations from recovering the balance due.
In oi'der to take a claim out of the statute of limitations by a part payment it must appear that the payment was made on account of the debt for which the action is brought, and it must appear further that the payment is made as a part payment of a larger debt-, because the principle upon which a part payment takes a case out of the statute of limitations is that it admits a larger debt to be due at the time of the part payment. 53 N. Y., 444.
The above is the rule of law which must decide this appeal, and the question is “Did the payment of $366.42 on June 7th take plaintiff’s claim out of the statute ? In my opinion it certainly did not.
The payment was based upon the account which defendant handed to plaintiff on February 15th prior, and that statement conceded no larger indebtedness than $359.64 and, therefore, cannot be called a part payment of a debt. It was the payment of the whole debt with interest according to defendant’s contention, and if that statement was not satisfactory to plaintiff he should have rejected the same and refused to accept the said payment thereunder.
He had no legal right to accept said sum and apply it on account of the sum which he claimed to be due and call it a part payment thereof.
Such an act cannot relieve his debt from the effects of the statute.
Where a debtor pays part of his debt the debt is by a legal presumption renewed and made to date from the time of the part payment.
How can any such presumption be indulged in here ? Because defendant expressly declared that there was nothing further due and that the payment he made was a discharge of the full debt.
The motion made to dismiss the complaint should have been granted.
It was error to deny it, and at least a new trial should be ordered, with costs to the appellant to abide the event.
Judgment and order affirmed, with costs.