By the Court,

Savage, Ch. J.
A demurrer, whether general or special, must be signed by counsel, and if not so signed, the plaintiff may treat it as a nullity. So is the English practice, and such of course is our practice. 1 Tidd’s Pr. 650. 2 Bos. & Pull. 336. 3 id. 171, n. In Douglas v. Child, 2 Bos. & Pull. 336, n., a general demurrer, without a serjeant’s signature, was treated as a nullity ; Eyre, Ch. J., said it was great presumption in an attorney to take upon himself to decide when a party should demur, or join in demurrer; counsel must join ; an attorney must not alone sanction so important a step as to admit that all the facts on the other side were well pleaded. The reason assigned by the chief justice does not so well apply here, where the same person is licensed both as an attorney and counsel; but while we recognize the distinction *between attorney and counsel, and hold that the practice of the king’s bench is the practice of this court, when not altered or modified, we must say that a demurrer without the signature of coun sel is defective, and that the opposite party may disregard it.
Motion denied.