THE FIRST NATIONAL BANK OF UTICA, Respondent, *v.* THEODORE P. BALLOU, impleaded, etc., Appellant.

The requirement of section 110 of the Code, that an acknowledgment or new promise to take a case out of the operation of the statute of limitations must be in writing, does not alter the effect of a payment of principal or interest. Nor does it prescribe any new rule of evidence as to the fact of such payment; and it may be proved by oral admissions of the debtor. Such payment may be made by an agent, and the authority of the agent may be proved by parol evidence.

Where a payment of interest is made upon a promissory note by the maker in the name of and as agent for an accommodation indorser, a subsequent recognition and approval of the act by the indorser, with full knowledge of the facts, is, as regards the statute of limitations, equally binding upon him as a payment made by himself. It is immaterial whose money is used in making the payment.

(Argued April 1st, 1872 ; decided April 9th, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial district in favor of plaintiff, entered upon a verdict.

The action was brought to recover the amount of three promissory notes made by defendant, Shearman, and indorsed by defendant, Ballou, for the accommodation of Shearman. Ballou alone appeared in the action and pleaded the statute of limitations. Three payments of interest were made upon the note by Shearman within six years of the commencement of the action. He received a receipt stating, in substance, that plaintiff received the payment from Ballou by the hand of

Shearman. A copy of the receipt, with statement annexed, was shown to Ballou by the cashier, who informed Ballou that he had given the receipt. Ballou examined them and pronounced them all right.

The court charged the jury, in substance, that if Ballou paid the interest himself within six years, or if he ratified the act of Shearman, the maker of the note, who assumed to pay it for him, such ratification being with full knowledge of the facts, then that plaintiff was entitled to recover.

The jury rendered a verdict in favor of the plaintiff for the amount of the notes.

Case and exceptions were ordered to be heard at first instance at General Term.

*Francis Kernan* for the appellant. The contract of the maker and indorser were different, and the causes of action reversed. (Story on Prom. Notes, §§ 135, 198; *Seabury* v. *Hungerford,* 2 Hill, 80, 82.) Ballou's defence is not impaired by payments made by Shearman, and no acknowledgment of Ballou will take the case out of the statute, unless in writing signed by him. (Code, § 10; *Shoemaker* v. *Benedict,* 11 N. Y., 176; *Payne* v. *Slate,* 39 Barb., 634.) The burden was upon the plaintiff to establish, affirmatively, the fact relied upon to take the case out of the operation of the statute. (*Clarke* v. *Dutcher,* 9 Cow., 674; *Stafford* v. *Bryan,* 3 Wend., 532; *Purdy* v. *Austin,* 3 id., 187; Code, § 110; *Rosevelt* v. *Mack,* 6 J. Ch., 266.)

*A. S. Johnson* for the respondent. An oral admission by Ballou that he had made a payment on the note within six years, would take the note, as against him, out of the statute of limitations. (Code, § 110; *Williams* v. *Gridley,* 9 Metcalf, 482, 485; *Sipley* v. *Lumbert,* 30 Maine [17 Shepley], 253; Angell on Limitations, § 244; *Read* v. *Hurst,* 7 Wend., 408; *Sibley* v. *Phelps,* 6 Cushing, 172.) A subsequent ratification of a principal of a previous unauthorized act of an assumed agent, is equivalent to a prior authority. (*Com.*

*Bank of Buffalo* v. *Warren,* 15 N. Y., 579, 580, 582; *Brisbane* v. *Adams,* 3 id., 129 [last of page 131]; *Lawrence* v. *Taylor,* 5 Hill, 137; Story on Agency, §§ 244, 242, 252; *McLean* v. *Dunn,* 4 Bingham, 722; *Davis* v. *Shields,* 24 Wend., 325.) The principal cannot adopt part of the act of his agent and reject the rest. (1 Comstock, 433; 6 Selden, 335.) The transaction between Ballou and the cashier was a sufficient recognition of the agency of Shearman to take the case out of the statute. ·(*Winchell* v. *Bowman,* 21 Barb., 448; *Winchell* v. *Hicks,* 18 N. Y., 558; *Munro* v. *Potter,* 34 Barb., 358; *Hawley* v. *Griswold,* 42 id., 18; *Miller* v. *Talcott,* 46 id., 168.)

RAPALLO, J.· The fact relied upon by the respondent to take this case out of the operation of the statute of limitations is a payment by the defendant of interest on the notes in suit, made on the 26th of July, 1859, which was less than six years before the commencement of the action.

Section 110 of the Code, which requires that an acknowledgment or new promise should be in writing, does not alter the effect of a payment of principal or interest. Nor does it prescribe any new rule of evidence as to the fact of such a payment. (*Cleave* v. *Jones,* 4 Eng. Law and Eq., 514; *Williams* v. *Gridley,* 9 Metc., 485; *Sibley* v. *Lambert,* 30 Maine, 253.)

All of the cases were decided upon statutes conforming substantially to section 110 of the Code.

That enactment may, therefore, be laid out of view in the present case.

The payment was shown to have been made to the plaintiff by Shearman, the maker of the notes, in the name and behalf of the defendant, Ballou, taking a receipt at the time as for money paid by the defendant by the hand of Shearman.

It is not disputed that a payment made by an authorized agent would be effectual to take a case out of the statute. And it is equally clear that Shearman, though the principal debtor on the notes, might act as such agent. If authorized

by the defendant, it was his act, and an unequivocal recognition by him of the existence of the debt. It is only by reason of their effect as such a recognition that partial payments are available in cases of this description. (*Shoemaker* v. *Benedict*, 11 N. Y., 185, 189.)

The only question in controversy here is, whether the authority of Shearman to bind the defendant was established. An express ratification is relied on for this purpose. Unless there is some reason why a transaction of this description should be an exception to the general rule, that a subsequent ratification is equivalent to a previous authority, it is impossible to say that the confirmation by the defendant of Shearman's act, with full knowledge of what he had done, did not render it binding upon him.

There is nothing in the authorities cited tending to show that this case is an exception to the general rule. Notwithstanding the statutory requirement that acknowledgments and new promises be in writing, a part payment may be proved by the oral admission of the party. (4 Eng. L. and Eq., 514 ; 9 Metc., 485 ; 30 Maine, 253. See, also, *Read* v. *Hurd*, 7 Wend., 408 ; *Sibley* v. *Phelps*, 6 Cush., 172.) There is no reason why the authority of an agent who has made a payment may not be proved in a like manner. Yet in neither of these cases is the evidence so satisfactory and conclusive as where, as in this case, with a full written statement before him of what has been done, showing on its face that it was done in his name, the party sought to be charged expressly approves the act. He does not merely admit that the party who acted in his name had authority to do so, but he confirms and adopts the act done and makes it his own, whether previously authorized or not, thus entitling himself to all the benefits, and assuming all the burdens resulting from it.

I am unable to discover any reason why the ordinary consequences of a ratification should not ensue in this case. The payment of the interest was actually made ; and the adoption of this payment by the debtor, as a payment made by him-

self, is as unequivocal a recognition of his liability for the principal as if he had made the payment with his own hands. It is more than a mere oral acknowledgment of liability which is liable to misapprehension or misstatement. It is the adoption of an act done by a third party in his name, unequivocal in its character, and inconsistent with any other theory than that of an existing liability on his part.

Furthermore, the rights of both parties were affected by the payment. The unqualified recognition and approval of it, communicated to the bank by the defendant, amounted to a consent on his part that it should be deemed 'a payment made by him, which fixed the time from which the statute should begin to run; and on this the bank was entitled to rely.

The fact that the payment was made by a check drawn by Shearman upon his own bank account did not necessarily show that the payment was not made as a payment by the defendant. Although Shearman was liable on the same notes, yet there was nothing in that circumstance to prevent an arrangement between the parties by which he should make this payment for and on behalf of the defendant; and if he did so, it was immaterial whose money he used. If the defendant had made the payment in person, but Shearman had furnished the money, the payment would be none the less effectual as an admission of liability to bind the defendant. And if the defendant requested Shearman to make it in defendant's name, the effect of the payment as a recognition of the defendant's liability, would not be diminished by the fact that Shearman used his own money. The subsequent ratification of a payment made in that form is as effectual a recognition of liability as if the payment had been made by previous request.

The bank could not know whose funds were used, or that the moneys, against which the check was drawn, had not been furnished by the defendant. The jury have found that Shearman made the payment as agent for and on account of the defendant; and that the defendant, with knowledge of that

fact, ratified his act. The jury were charged that, to make the transaction binding upon Ballou, he must have ratified it with knowledge that Shearman had assumed to pay the interest as his agent or on his account. They must have found that the defendant examined the statement and receipt as testified to by Rogers; and that, with knowledge of their contents, he approved the transaction. The receipt acknowledged the receipt of the interest from T. B. Ballou, per hand of J. A. Shearman. The statement described the notes in suit, with others, and it would be difficult to conceive a more clear and unequivocal ratification of a payment by an agent than is established by the finding, which, under the charge, the jury must have made.

We have examined the various exceptions taken upon the trial, but find none which, in our opinion, call for a reversal of the judgment.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.