JOTHAM W. LITTLEFIELD, Respondent, *v.* WILLIAM LITTLE-
FIELD, Impleaded, etc., Appellant.

While a debtor may confer authority upon another to make a payment for
him which will be effectual as against a plea of the statute of limita-
tions, the authority should be clearly established.

One of three makers of a joint and several promissory note, who in fact
signed it as surety, upon being applied to for payment, requested the
payee to tell the principal that he must make a payment thereon and
that he (the surety) said so. The payee made the statement to the prin-
cipal as requested, who promised to and did subsequently make a pay-
ment ; this he reported to the surety, who in response stated that it was
all right. In an action upon the note *held* that these facts did not show
an authority conferred upon the principal to make a payment as the
agent of the surety, so as to take the case as to the latter out of the stat-
ute of limitations ; also that they failed to establish a ratification of the
payment.

*Winchell* v. *Hicks* (18 N. Y. 558), *First Nat. B'k* v. *Ballou* (49 id. 155),
distinguished.

(Argued December 14, 1882 ; decided January 23, 1883.)

APPEAL from judgment of the General Term of the Su-
preme Court, in the fourth judicial department, entered upon
an order made October 28, 1881, which affirmed a judgment
in favor of plaintiff, entered upon a verdict, and affirmed an or-
der denying a motion for a new trial.

This action was upon a joint and several promissory note,
executed by the defendants. Defendant William Littlefield
who alone defended, pleaded the statute of limitations. The
note was dated March 24, 1868, payable one year from date.
Said defendant William Littlefield and defendant Dorr
signed in fact as sureties and for the accommodation of de-
fendant Ira W. Littlefield, who was the son of William.

The further material facts are stated in the opinion.

*Levi H. Brown* for appellant. The court erred in allowing
Ira Littlefield to testify, against defendant's objections, that
after making the payment in February, 1875, he informed his

father of the fact, who thereupon said "all right," and also in denying motion of defendant to strike it out, and the exceptions thereto were well taken. (*Furst* v. *Second Ave. R. R. Co.,* 72 N. Y. 542, 547; *Church* v. *Howard,* 79 id. 423; *Chapman* v. *Erie R. R. Co.,* 59 id. 587; *Meyer* v. *Clark,* 45 id. 285; 3 Keyes, 497–9; *Arthur* v. *Griswold,* 55 id. 400–408; 3 Hun, 70; *Erben* v. *Lorillard,* 19 N. Y. 299; 11 Hun, 82, 87–8; *Wardwell* v. *Hughes,* 3 Wend. 418.) Although defendant, the surety, requested plaintiff, the holder of the note, to induce Ira, the principal, to pay his own debt, the making the payment on this note by the principal was not a payment by defendant, or such a one as to bind him or take it out of the statute of limitations. (*Harper* v. *Fairly,* 53 N. Y. 442; *Van Keuren* v. *Parmelee,* 3 Comst. 523; *Shoemaker* v. *Benedict,* 1 Kern. 176, 182–4; *Bell* v. *Morrison,* 1 Pet. 351; *Wallis* v. *Randall,* 81 N. Y. 170; *Smith* v. *Ryan,* 66 id. 352, 356; *Bowe* v. *Gano,* 9 Hun, 8; *Bank* v. *Ballou,* 49 N. Y. 155; *Shapely* v. *Abbott,* 42 id. 443.) Under the old law an unconditional and unqualified promise or acknowledgment was requisite to remove the bar of the statute. (1 Pet. 351; 2 Comst. 531; 1 Kern. 183.) To remove the bar of the statute there must be a new promise to pay; there must exist the elements of a new contract. (*Kallenbach* v. *Dickinson,* 100 Ill. 427; *S. C.,* 25 Alb. L. J. 37.)

*B. C. Maxon* for respondent. The effect of the act of a partial payment by a party or his agent, as an evidence of the acknowledgment of the debt, and an implied promise to pay the residue, and thereby to arrest the statute of limitations to that date, has never been changed by statute. (Old Code, § 110; new Code, § 395; *Winchell* v. *Hicks,* 21 Barb. 448; 18 N. Y. 558; *Van Keuren* v. *Parmelee,* 2 Comst. 527; *B'k of Utica* v. *Ballou,* 49 N. Y. 155; 11 id. 185; *Shoemaker* v. *Benedict,* 1 Kern. 185; *Harper* v. *Farley,* 53 N. Y. 443; *Miller* v. *Talcott,* 46 Barb. 168; *S. C.,* 54 N. Y. 114; *Smith* v. *Ryan,* 66 id. 354.) Such payment is allowable to stand with equal force of a written acknowledgment or promise, and

such payment may be made by the party or his agent. (*Van Keuren* v. *Parmelee*, 2 Comst. 527; *Shoemaker* v. *Benedict*, 11 N. Y. 185, 189; *First Nat. B'k of Utica* v. *Ballou*, 49 id. 157, 158; *Winchell* v. *Hicks*, 18 id. 558.) The common-law rules of evidence are applicable not only to prove the fact of payment, but also to prove the authority of the party who makes the payment, so made in another's behalf. Hence same not required to be in writing. (*First Nat. B'k* v. *Ballou*, 49 N. Y. 155; 2 Lans. 120; *Ketcham* v. *Hill*, 42 Ind. 64; 5 U. S. Digest [N. S.], 495; *Cleave* v. *Jones*, 4 Eng. L. & Eq. 514; *Williams* v. *Gredley*, 9 Metc. 485; *Sibley* v. *Lambert*, 30 Me. 253; *Read* v. *Hurd*, 7 Wend. 408; *Sibley* v. *Phelps*, 6 Cush. 172.) One maker of a note or obligation may authorize another maker to make a payment upon the note or obligation, and if so made under such authority and agency, and by such party's direction, it will, by the act, create an implied promise and arrest the running of the statute to that date; it does not make any difference whose money is used in making such payment. (*Van Keuren* v. *Parmelee*, 2 Comst. 527; *Shoemaker* v. *Benedict*, 11 N. Y. 185, 189; *Smith* v. *Ryan*, 66 id. 352; *Harper* v. *Fairley*, 53 id. 442; *Mainzinger* v. *Mohr*, 41 Mich. 685; 10 U. S. Digest [N. S.], 448; *Haight* v. *Avory*, 16 Hun, 252; *First Nat. B'k* v. *Ballou*, 2 Lans. 120; affirmed, 49 N. Y. 155; *Pitts* v. *Hunt*, 6 Lans. 146; affirmed, 61 N. Y. 637; *Miller* v. *Talcott*, 46 Barb. 168; affirmed, 54 N. Y. 114; *Monroe* v. *Potter*, 34 Barb. 358; *Winchell* v. *Hicks*, 21 id. 448; affirmed, 18 N. Y. 448; *Hawley* v. *Griswold*, 42 Barb. 18.)

MILLER, J. If the payment upon the note in question, on the 22d day of February, 1875, of $88.78, by the maker and the principal debtor, Ira W. Littlefield, was made by him in the name and behalf of the appellant and as his authorized agent, such payment was an acknowledgment of the debt, which was effectual to take the case out of the statute of limitations, and a promise of the appellant to pay the balance of the note. If it was authorized by the defendant, it was the same as if it

was his own act and an unequivocal recognition by him of the existence and validity of the debt. It is by reason of such a recognition that partial payments are available in cases of this kind. The reported cases all agree upon this question. (*Shoemaker* v. *Benedict*, 1 Kern. 178, 185, 190; *First Nat. B'k of Utica* v. *Ballou*, 49 N. Y. 155; *Harper* v. *Fairley*, 53 id. 442; *Winchell* v. *Hicks*, 18 id. 558.) The plaintiff sought to establish such authority by proof to the effect that in the fall of 1874, in an interview with the appellant, he had a conversation with him in regard to the note in question; that he spoke to him about the note, stating that the payments were not made as they should be, and that he should hold him responsible; that appellant requested him to make no costs, that his son was going to be home soon and he would see him; that he said "tell him for me that he must pay the interest and as much of the principal as he can and that I say so." That the plaintiff then told him that if it was his choice he would make no costs. Then he said "wait until Ira comes home." Ira returned from the west and came to plaintiff's house in the winter of 1875. Plaintiff then told him he had been crowding his father upon the note and the latter had advised him to hold on until he, Ira, came home, and his father wanted him to say to him that he must pay the interest on that note and as much of the principal as he could; that Ira then said he would do all he could, and some months afterward came and paid $88.78, and said that was all he could pay him then. There was also proof showing that Ira had told his father that he had made the payment, and his father replied that it was all right. The evidence in regard to the conversation between plaintiff and defendant was contradicted by the defendant, and the testimony as to the interview with Ira before the payment was made was also contradicted by Ira, and there was a conflict on the trial on the question whether any payment had been made by reason of the alleged interview between the plaintiff and the appellant, and the conversation that took place at that time. The disputed question of fact thus arising was presented to the consideration of the jury, who found adversely

to the defendant in this respect. The question, however, as to the legal effect of the testimony given was raised by a motion for nonsuit at the close of the plaintiff's case, which was denied, and by requests to charge the jury, which were refused, and by exceptions to the refusals as well as to the charge made.

In regard to the motion for a nonsuit the distinct question is presented whether there was any evidence to submit to the jury as to the authority of Ira, as the authorized agent of the appellant, to make the payment in question. In *Winchell* v. *Hicks* (*supra*), the action was brought upon a joint and several promissory note, made by a principal and three sureties, which became due before the Code of Procedure went into operation. Five years afterward the holder called upon two of the sureties for payment, and was referred by them to the principal, who was informed of such reference, and made a payment, and it was held that the payment was such an acknowledgment of liability as to arrest the running of the statute of limitations against the two sureties. In the case cited ALLEN, J., at page 561, says the question is, " whether there is any direct recognition of the debt, or of the agency of Bowman, who made the payments, by the other defendants," and then after proceeding to state the testimony in regard to the subject somewhat in detail, he lays no stress upon the evidence as showing that any agency was created, and says: " It is sufficient that, so far as Tanner is concerned, there was an express recognition, an unqualified and subsisting admission of the debt, and of his present liability and willingness to pay it," \* \* \* and that while he was liable to pay it the judge asks, as to Hicks, " was not his declaration a sufficient recognition of the debt to bind him ? " He also holds at pages 565 and 566 *that the verbal acknowledgment binds,* because the debt was contracted prior to the Code, and was not within the provisions requiring such acknowledgment to be in writing. DENIO, J., and JOHNSON, Ch. J., concurred on the ground of the verbal acknowledgment, because the debt was contracted prior to the Code and was not within the provision requiring such acknowledgment to be in writing. The

head-note of the case also shows that the decision of the court was upon this ground, and none other is stated therein, viz. : That the request of the sureties to get pay of the maker was obligatory as a verbal acknowledgment of the debt. It does not appear that the case was decided upon the ground that an agency was conferred by the request of the one paying to bind the other by his own act and payment.

It would, therefore, seem that the case cited is not an authority for the doctrine that an agency was created under the circumstances stated in said case. This case is referred to in some subsequent decisions. In the case of *Payne* v. *Gardiner* (29 N. Y. 146), Mullin, J., who wrote the opinion, held that as the transaction was one of deposit and not a loan, it was not necessary to inquire, and said nothing as to the effect claimed, for payments made, and Wright, J., in a dissenting opinion says : " The case *Winchell* v. *Hicks* affords no countenance to the position of the plaintiff's counsel. That action was upon a joint and several note, made by a principal and three sureties *and the single question was whether there had been a verbal recognition* of liability by the two, the sureties, so as to arrest the running of the statute of limitations," and after reciting the evidence of what the sureties said in *Winchell* v. *Hicks*, the judge further says : " This was held to be an acknowledgment of the debt and a sufficient recognition of liability by Tanner and Hicks to bind them." In *Van Alen* v. *Feltz* (1 Keyes, 332) the question was whether section 110 of the old Code extended to parol promises to pay debts existing when it was enacted, and it was held it did not. The court said : " This precise point seems to have been decided by this court in *Winchell* v. *Hicks* (18 N. Y. 558). One of the points ruled was that the case did not come within the provision of the Code, and the debt might be revived or continued *without any written* promise or acknowledgment." (See, also, *Lansing* v. *Blair*, 43 N. Y. 48, which approves this case.) It thus seems that in the cases cited where *Winchell* v. *Hicks* is referred to, it is uniformly cited as decided upon the question as to a new promise having been made. The learned counsel for the

respondent relied upon several of the reported cases which, it is claimed, hold that payment, under circumstances like those here presented, is a payment by the authorized agent on behalf of his principal, but we are of the opinion that none of them sustain the position contended for. The case of *Smith* v. *Ryan* (66 N. Y. 352; 23 Am. Rep. 60) has no application to the facts he presented. It is true that A**LLEN**, J., sustains the principle of agency as binding under the rules of common law, but he does not decide that a payment, made under the facts proven in the case at bar, is binding upon the principal. On the contrary, it is laid down that a payment which is to operate as an acknowledgment must be made by the debtor or his authorized agent, that is, an agent having authority to make a new promise or to perform for the party the very act which is to be the evidence of a new promise.

In the case of *Harper* v. *Fairley* (53 N. Y. 442), which is also relied upon, allusion is made to the case of *Winchell* v. *Hicks* as holding that a part payment by a surety does not relieve the demand against the principal, unless made at the express request of the principal. There can be no doubt of the correctness of this rule, but it is not apparent how its application can aid the plaintiff's case. We have examined the cases of *Munro* v. *Potter* (34 Barb. 358), and *Miller* v. *Talcott* (46 id. 171; affirmed in 54 N. Y. 114), and we are unable to discover that either of them sustain the doctrine contended for by the respondent's counsel. It will be seen upon a review of all the cases that there is no authority for the doctrine that a payment made under the circumstances proved in this case and without some authority, from one of the joint makers of the note, is binding upon the others. We think that no such payment was made here by the request and authority and by the agent of the appellant, and therefore it was not binding upon him. The most that he did was to urge the holder of the note to collect it of the maker. This conferred no direct agency upon the maker to pay for the surety, and to sanction such a rule would open wide the door to evade the effect of the statute of limitations where payment had not been

made by the party sought to be made liable. It was intended by the Code of 1848, section 110, that all future acknowledgments, to take a case out of the statute, should be in writing. The object of this provision was to prevent perjury and to compel a party who had deferred the collection of a debt for so long a period as the statute prevented him from collecting the same, to furnish written proof of the acknowledgment provided for. The same rule is applicable to payments which take the case out of the statute. The payment itself is not a declaration, it is an act done by the party which is unequivocal and which of itself shows a recognition of the existence of the debt. While authority can be conferred on another to make such payment such authority should be established by plain and clear proof and not rest upon proof showing that the debtor urged the creditor to collect the debt of the principal, as is the case here. It follows that the judge erred in refusing to grant the motion made by the appellant for a nonsuit, and in his charge to the jury.

We are also of the opinion that there was no ratification by the appellant of the payment made by his son. The most that can be claimed is that the appellant expressed himself as gratified that his obligation on the note was decreased. This was not a ratification within the authorities. In the case of *The First Nat. B'k v. Ballou* (49 N. Y. 155), relied upon by the respondent's counsel, it was proved that there was an express ratification of the payments, receipts had been given stating in substance that plaintiff received the payments from defendant by the hand of the maker, and that a copy of the receipts with statement annexed was shown to Ballou by plaintiff's cashier, who informed Ballou that he had given the same. Ballou examined them and pronounced them all right.

No other points made require special attention and for the errors stated the judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.