## McDONALD *v.* McDONALD.

*(Supreme Court, General Term, Third Department.　December 11, 1889.)*

LIMITATION OF ACTIONS—RUNNING OF STATUTE—PARTIAL PAYMENTS.

　　R. was general agent and manager of defendant's business, representing her in a firm of which she was a member, and in such capacity made payments on a note given by defendant, receiving the money from the firm on her account.　*Held,* that the payments were sufficient to take the note out of the statute of limitations.

Appeal from circuit court, Montgomery county.

Action by Harriet McDonald against Maria McDonald on a promissory note.　There was a judgment for plaintiff, and defendant appeals.

Argued before LEARNED, P. J., and LANDON and PUTNAM, JJ.

*Maxwell Brothers*, for appellant.　*C. S. Nisbet*, for respondent.

LEARNED, P. J.　This is an action on a promissory note.　It was by consent tried before the court.　The defense was the statute of limitation, and the reply to that defense was that of partial payments within the six years. The court found such payments to have been made, and the only question is whether the proof justified the finding.　That proof is, in substance, as follows:　One Reid was the general agent and manager of defendant's business. He represented her in the firm of I. C. Shuler & Co., of which she was a member.　He made the payments on the note, and made the indorsements of payment.　His authority was that of general instructions from defendant to attend to all her financial business.　The money was paid by I. C. Shuler & Co., and charged to her account.　She never gave any particular instructions to make these payments.　He drew this money from the firm, acting for her, and charged it up to her account.　The defendant urged on the trial that after 1880 the note (for $600) bore only 6 per cent. interest, and that, as $42 for a

year's interest had been paid in several instances, the note had become usurious. This point does not seem to be presented on the appeal, and by the memorandum of the learned justice who tried the case it appears that payments were credited and interest charged at the rate of 6 per cent. after January 1, 1880. There was no usury.

The defendant also urges that Reid is not shown to have had authority to make the payments. Here the authority is distinct and undisputed. Reid was defendant's general agent and manager. No contradictory evidence is given, and the court found that she made the payment. The case of *Littlefield* v. *Littlefield*, 91 N. Y. 210, on which defendant relies, was widely different. In that case a surety was called on by the creditor to pay. The surety said: "Tell him [the principal] for me that he must pay," etc. "Wait till Ira [the principal] comes home." The principal subsequently made a payment, of which fact he informed the surety. Thus there was no agency shown. Indeed, there could hardly be an agency, because the person who made the payment was the principal, and the person sought to be charged was surety. So that, as between them, the surety would not be liable to the principal for any part of the payment made by him. The principal could not be paying the surety's money. In the present case Reid represented defendant in the firm. By virtue of such representation he received her money from the firm, and by his general authority to manage her business he paid a debt, in part, which she owed. These payments extended from 1878 to 1887, and there is no evidence that during these nine years the defendant made any objection. The judgment should be affirmed, with costs.