HARRIET McDONALD, Respondent, *v.* MARIA McDONALD, Appellant.

*Supreme Court, Third Department, General Term, December* 11, 1889.

*Limitation. Part payment.*—Payment on a note by an agent who has the general authority to attend to the maker's financial business takes the note out of the statute of limitations against such maker.

Appeal from judgment in favor of plaintiff for $588.81 entered on decision of the court after trial without jury.

*Maxwell Brothers*, for appellant.

*C. S. Nisbet*, for respondent.

LEARNED, P. J.—This is an action on a promissory note. It was by consent tried before the court. The defense was the statute of limitation, and the reply to that defense was that of partial payments within the six years. The court found such payments to have been made; and the only question is whether the proof justified the finding.

That proof is in substance as follows:

One Reid was the general agent and manager of defend-

ant's business.  He represented her in the firm of I. C. Shuler & Co., of which she was a member.  He made the payments on the note and made the endorsements of payment.  His authority was that of general instructions from defendant to attend to all her financial business.  The money was paid by I. C. Shuler & Co. and charged to her account. She never gave any particular instructions to make these payments.  He drew this money from the firm, acting for her, and charged it up to her account.

The defendant urged on the trial that after 1880 the note, for $600, bore only six per cent interest, and that as forty-two dollars for a year's interest had been paid in several instances, the note had become usurious.  This point does not seem to be presented on the appeal.  And by the memorandum of the learned justice who tried the case it appears that payments were credited and interest charged at the rate of six per cent after January 1, 1880.  There was no usury.

The defendant also urges that Reid is not shown to have had authority to make the payments.  Here the authority is distinct and undisputed.  Reid was defendant's general agent and manager.  No contradictory evidence is given and the court found that she made the payment.  The case of Littlefield *v.* Littlefield, 91 N. Y. 206, on which defendant relies, was widely different.  In that case a surety was called on by the creditor to pay.  The surety said: " Tell him (the principal) for me that he must pay," etc.  "Wait till Ira (the principal) comes home."  The principal subsequently made a payment, of which fact he informed the surety.  Thus there was no agency shown.  Indeed, there could hardly be an agency, because the person who made the payment was the principal, and the person sought to be charged was surety.  So that as between them the surety would not be liable to the principal for any part of the payment made by him.  The principal could not be paying the surety's money.

In the present case Reid represented defendant in the firm. By virtue of such representation he received her money from the firm, and by his general authority to manage her business he paid a debt, in part, which she owed. These payments extended from 1878 to 1887, and there is no evidence that during these nine years the defendant made any objection.

The judgment should be affirmed with costs.

LANDON and PUTNAM, JJ., concur.

NOTE ON "EFFECT OF PARTIAL PAYMENT UPON THE STATUTE OF LIMITATIONS."

A partial payment of a debt by a debtor to his creditor takes the claim out of the operation of the statute of limitations and revives the debt as effectually as an acknowledgment, in writing signed by the party to be charged thereby. Gardner *v.* Gardner, 19 W. Dig. 249.

The payment, to void the statute of limitations, must be a conscious and voluntary act on the part of the debtor explainable only as a recognition and confession of the existing liability. Blair *v.* Lynch, 105 N. Y. 636; Adams *v.* Olin, 61 Hun, 318. The charges in the debtor's account book furnish such recognition. Id.

The payment by a general agent on the note, within six years, defeats the defense of the statute of limitations. McDonald *v.* McDonald, 54 Hun, 639.

Payment in money or goods, within six years before commencement of action, will take claim out of the statute. Id. Lawrence *v.* Harrington, 122 N. Y. 408.

As to when an endorsement of partial payment on a bond will not take it out of the statute, see U. S. T. Co. *v.* Stanton, 55 Hun, 610.

No demand for payment of a bond for twenty years after the services were rendered by the mortgagor for the mortgagee, is strong proof of their application.

In such case, it is error to reject proof of value of such services. Id.

An endorsement of interest, made when adverse and before the attaching of the statute, is admissible to avoid the statute. Mills *v.* Davis, 113 N. Y. 243.

§ 395 of Code, *it seems,* does not prescribe any new rule of evidence in regard to part payment. Id.

When an endorsement is properly proved, it is, *it seems,* for the jury to say what effect shall be given to it. Id.

The delivery of a life policy as collateral security for a note was held in

Miller v. Magee, 49 Hun, 610, to be equivalent to a part payment, for the purpose of taking the debt out of the statute of limitations.

Where an admission of a debt is inferred from partial payment, it must appear that the payment was in fact made on account of the debt for which the action was brought. Camp v. Smith, 15 N. Y. St. Rep. 267.

A claim for a balance remaining due for services rendered for many years under an agreement that the employer would pay a certain sum per year, is an entirety. Denise v. Denise, 110 N. Y. 562; Smith v. Velie, 60 Id. 106. Any payment made upon it during the last six years takes the entire balance out of the statute of limitations. Id.

The transfer of a mortgage, to apply in payment of moneys received under an arrangement to assign such mortgage when demanded, operates the same as a cash payment in preventing the running of the statute against the claim for such moneys. Matter of Wiltsie, 12 N. Y. St. Rep. 144; 17 Id. 258.

A payment made by an administrator of the creditor estate by crediting upon the claim an amount due him personally is sufficient to stop the running of the statute of limitations. Matter of Thompson, 5 Dem. 393.

An agreement by the parties that a payment on a note shall not take effect as such until a later day, suspends the operation of the statute of limitation until the time so fixed. Dings v. Cuthrie, 45 Hun, 436.

A payment on account made by a husband under the sanction and approval of his wife, as her agent and by her direction, will prevent the running of the statute in her favor. Dings v. Cuthrie, 45 Hun, 436.

Where a debtor gives his own note for part of a debt, payment of such note at maturity to a third person who has discounted it, is not such a part payment of the original debt as will prevent the balance from becoming outlawed. Lawrence v. Baker, 44 Hun, 582.

An executor cannot, by making payments on outlawed claims, revive the demand or create a new liability. Matter of Dunn, 5 Dem. 124.

A payment on account by a continuing partner, who has assumed the partnership debts, does not stop the running of the statute of limitations in favor of the retiring partner. Gliddon v. Langdon, 22 W. Dig 74.

Where a bank dishonors a depositor's check, its subsequent payment of other checks for an amount which constitutes the balance which is due to the depositor from the bank from other moneys deposited by him, will not stop the running of the statute of limitations against an action for the amount of the dishonored check. Viets v. Union Nat. Bank, 101 N. Y. 563.

Annual payments pursuant to an ante-nuptial agreement to provide an allowance for living expenses will take a claim based upon such an agreement out of the statute of limitations. Denise v. Denise, 41 Hun, 9; Gilbert v. Comstock, 93 N. Y. 484.

Payments of interest upon a bond by the obligor will save the running of the statute against an action to foreclose the collateral mortgage, as against the subsequent owner of the property who took subject thereto. Moller v. Duryee, 21 W. Dig. 458.

Payments of interest on a note void for usury which are endorsed thereon will operate to stop the running of the statute against a valid debt which the usurious note was given to renew.    Matter of Consalus, 95 N. Y. 340.

Part payments made by one will not revive the debt as against the other joint debtor.    Dunning *v.* Powell, 18 W. Dig. 187.

A payment made by a partner upon a firm note removes the bar of the statute as against the firm, though made after dissolution, if the payee was ignorant of the fact.    Forbes *v.* Garfield, 32 Hun, 389.

Where it appears that, at the time the payments were made, there were other existing and valid obligations of the defendant to the plaintiff, the court cannot assume that payments made generally were made upon any particular claim so that such claim will be taken out of the bar of the statute of limitations.    Camp *v.* Smith, 63 Hun, 634.

See further on this point, Littlefield *v.* Littlefield, 91 N. Y. 203 ; Acker *v.* Acker, 81 Id. 143; Bank of Milwaukee *v.* Smith, 26 Hun, 221; Kelley *v.* Weber, 27 Id. 8; Bodell *v.* Gibson, 23 Id. 40; Hulbert *v.* Nichol, 20 Id. 454; Haight *v.* Avery, 16 Id. 252; Risley *v.* Wightman, 13 Id. 163; Bowe *v.* Gano, 9 Id. 6.