(48 App. Div. 350.)

### SMITH et al. v. CARPENTER.

(Supreme Court, Appellate Division, Third Department. March 7, 1900.)

NOTES—PAYMENT BY WIFE OF DECEASED MAKER—LIMITATIONS—EFFECT ON SURETY.

> A partial payment on a note, made by the deceased maker's wife, though made after the surety thereon had referred the payee to her for such payment, does not show an authority conferred on her to make such payment as an agent of the surety, so as to take the case as to the latter out of the statute of limitations, since her payment will, unless the contrary is clearly shown, be deemed to have been made by reason of her moral obligation to pay the debt of her husband.

Appeal from special term, Tompkins county.

Action by J. D. Smith and another, as executors of the last will and testament of Mary A. Rumsey, against Reuben H. Carpenter. Judgment for plaintiffs, and defendant appeals. Reversed.

Upon the 9th day of June, 1887, this defendant, with one John E. Carpenter, executed and delivered to Mary A. Rumsey a joint and several promissory note, wherein, for value received, they agreed to pay to the said Mary A. Rumsey the sum of $150, with use, one year after the date thereof. This action was commenced upon the 3d day of March, 1899, to recover from the defendant the balance remaining unpaid on the said note. In the answer the statute of limitations is pleaded in bar. From the evidence, it appears that this defendant was surety in fact, and received none of the moneys for which the note

was given. The other maker, J. E. Carpenter, made certain payments upon the note, and in November, 1890, died. His administrators settled up the estate, and in February, 1893, paid to the plaintiffs the sum of $58.19, the full percentage which could be collected of the estate of John E. Carpenter. At that time there remained due and unpaid upon the note the sum of $112. Thereafter the plaintiff John D. Smith, as executor of Mary A. Rumsey, demanded of defendant payment of said note. His evidence is as follows: "The fifty-eight dollars and some cents indorsed upon that note was the amount of percentage obtainable out of the estate. I received that February 28, 1893, from the administrator, and made the indorsement at that time. After that payment, I went to see Mr. Reuben Carpenter, the defendant, and told him something had to be done about it. He told me to go and see his daughter-in-law, Mrs. Emma Carpenter, and have her pay the note, and I went and seen her direct from his house, and she said she would pay it. A short time after that I saw her again, and she said she could not pay it just then, but would in a short time; and in a short time she came to our house, and paid $6.95 on the note to me, and I indorsed it on the note. That was done March 28, 1894. It was in the neighborhood of five or six months before that that I saw Mr. Reuben Carpenter. I indorsed it on the note at the time of it. I knew about this previous indorsement on the note." The defendant denied that he referred the plaintiff to Mrs. Carpenter, and Mrs. Carpenter swore that the plaintiff did not communicate to her that he applied to her at the instance of the defendant. The questions were submitted to the jury as to whether the defendant directed the plaintiff to collect the money from Mrs. Emma Carpenter, whether that direction was communicated to Mrs. Carpenter, and whether the money was paid by Mrs. Carpenter in pursuance thereof. The jury was charged that these facts, found in favor of the plaintiffs, authorized a verdict in their favor. An exception was taken to this charge, as well as to the denial of a motion for a nonsuit made at the close of the plaintiffs' case, and the denial of a similar motion made at the close of all the evidence.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Randolph Horton, for appellant.
David M. Dean, for respondents.

SMITH, J. In the Littlefield Case, 91 N. Y. 203, one of three makers of a joint and several promissory note, who in fact signed it as surety, upon being applied to for payment, requested the payee to tell the principal that he must make a payment thereon, and that he (the surety) said so. The payee made the statement to the principal, as requested, who promised to and did subsequently make a payment. This he reported to the surety, who in response stated that it was all right. In an action upon the note, it was held that these facts did not show an authority conferred upon the principal to make a payment as the agent of the surety, so as to take the case, as to the latter, out of the statute of limitations. This authority must determine this appeal. Assuming the jury to have found with the plaintiffs upon the facts in the case at bar, the request to Mrs. Carpenter, through the payee, was less explicit than was the request or direction in the case cited. The plaintiff makes no pretense that he communicated the direction of the defendant to Mrs. Carpenter. Mrs. Carpenter swears distinctly that she was not informed of the defendant's request. The act of Mrs. Carpenter, therefore, in making the payment in March, 1894, is not effective to renew the defendant's liability, once lost.

The respondent would sustain this judgment solely upon the authority of Winchell v. Hicks, 18 N. Y. 558, upon which he states the case was submitted and decided. The facts in that case are very similar to those in the case at bar. There, however, the liability accrued before the statute required that the acknowledgment, which would save the case from the statute of limitations, must be in writing. The declaration of the surety was there held to be a parol acknowledgment, sufficient to save the defendant's liability. It was upon that ground that the judgment passed. In the opinion of Allen, J., the decision seems to be placed both upon the ground stated, and also upon the ground that the principal was made the agent of the defendant to make the payment. In this, however, the other judges did not agree. In the Littlefield Case, supra, this case is discussed, and held to be no authority for a rule that a payment made by a principal, although made after reference by the surety to him for such payment, should be deemed the act of the surety.

A single difference is found between the Littlefield Case and the case at bar, not pressed upon our attention by the respondents, nevertheless worthy of notice. Mrs. Emma Carpenter, who made this payment and to whom the payee was by the defendant directed, was not a principal upon the note, or in any way legally liable to pay the same. I can conceive of cases in which this difference might be vital. Such a case would arise if the stranger had made a payment upon the note under such circumstances that the stranger could call upon the surety for reimbursement therefor. In the case at bar, however, as has been indicated, there is no evidence that the payment was made by Mrs. Carpenter with a knowledge that the payee had been sent to her by the surety. But were it otherwise, and had the payment been made by Mrs. Carpenter with knowledge of such fact, the circumstances would not be such as to imply any promise on the part of the surety to repay to her any moneys which she might pay thereupon. She was the widow of the principal upon the note for whose benefit defendant had signed. Her payment would be deemed to have been made by reason of her moral obligation to pay the debts of her husband, and not in reliance upon an implied promise of the surety to indemnify her. Her payment, under such circumstances, could not fairly be deemed the act of the defendant. If these conclusions be right, the appeal succeeds, and the judgment and order must be reversed.

Judgment and order reversed, on law and facts, and new trial granted, with costs to the appellant to abide the event. All concur.