Irving U. Scott, Appellant, *v.* Henry A. Palmer, Respondent.*

Third Department, March 13, 1936.

*Ralph W. France* [*H. C. Stratton* of counsel], for the appellant.

*Pratt & Fowler* [*Willard R. Pratt* of counsel], for the respondent.

Per Curiam. The plaintiff sues upon the following instrument:

" $2,000.00

" *April* 1, 1916.

" On demand I promise to pay I. U. Scott Two thousand dollars ($2,000.00) for value received with interest at 5½ per cent.

" HARRIET P. SCOTT."

The instrument was signed on the back by the defendant, H. A. Palmer. He sets up the Statute of Limitations. (Civ. Prac. Act, § 48.) The action was commenced February 25, 1935. Six years prior thereto would be February 25, 1929. The real question here is whether a payment made June 13, 1929, by the defendant, but with moneys belonging to Harriet P. Scott's estate, stopped the running of the statute as to the defendant.

The relationship of the parties is helpful in understanding and determining the issue. Harriet P. Scott was a sister of the defendant Henry A. Palmer. Her husband, Giles Scott, is a brother of

---

* Affg. 157 Misc. 133.

the plaintiff, Irving U. Scott. In 1916 Harriet P. Scott and the defendant owned a farm known as the Palmer farm, which came to them from their father, William W. Palmer. The defendant had been the administrator of his father's estate. He continued to operate the farm for himself and Mrs. Scott and continued a bank account in the name of the estate.

Harriet P. Scott and her husband, Giles, occupied a farm referred to as the Scott farm formerly owned by the grandfather of Giles and the plaintiff, Irving U. Scott. Giles Scott and his wife contemplated the purchase of the interests of the other heirs, including the plaintiff, Irving U. Scott, in the Scott farm. To effectuate this purchase, Mrs. Scott borrowed from the plaintiff $2,000 represented by the above note. She died December 31, 1918. Her husband and children continued in possession of the Scott farm. No administrator of her estate was appointed.

Being non-negotiable, the defendant did not, by signing the note on the back become an indorser of the note but he became liable as a maker or guarantor. (*McMullen* v. *Rafferty*, 89 N. Y. 456.)

A payment to toll the running of the Statute of Limitations must be made under circumstances amounting to an absolute and unqualified acknowledgment by the debtor, so that a promise to pay the balance may be inferred, and indicate an intent that it shall be so taken by the creditor. (*Brooklyn Bank* v. *Barnaby*, 197 N. Y. 210.)

A payment upon a note made by an agent tolls the statute against the principal but not the agent. (*Miller* v. *Talcott*, 54 N. Y. 114.)

The evidence supports the conclusion reached by the trial judge. The judgment should be affirmed.

RHODES, CRAPSER and BLISS, JJ., concur; HILL, P. J., dissents in a memorandum, in which HEFFERNAN, J., concurs.

HILL, P. J. (dissenting). This action was commenced on February 25, 1935, to recover upon a non-negotiable promissory note payable to plaintiff, and signed on the face by Harriet P. Scott as maker and on the back by the defendant, Henry A. Palmer, whose liability thereby became that of maker. Mrs. Scott died on December 31, 1918. The defendant pleads the Statute of Limitations (Civ. Prac. Act, § 48) as a defense. He has made nine payments, the last within six years of the bringing of the action, each by a check signed " Henry A. Palmer, as Admr. of Estate of W. W. Palmer." The trial court has decided that the payments were made by defendant as agent for Mrs. Scott from her share of

the income from a farm which belonged to her and defendant as tenants in common, and that these payments did not toll the statute so far as he was concerned. Mrs. Scott and the defendant were the only children of W. W. Palmer, who in his lifetime owned the farm. The defendant was appointed administrator of his father's estate in about 1896, and continued to act as administrator until about the time this action was commenced. The plaintiff, payee, states that he knew of the relationship between the defendant and Mrs. Scott, and that it was the intention to pay the note from her share of her father's estate. If we assume that the relation of principal and agent did exist between the defendant and Mrs. Scott, it terminated when she died, years before any of the payments on the note were made. She was survived by a husband, Giles Scott, but there is no proof that children were born of the marriage. Under these conditions, upon her death the defendant, her only brother, became the owner by inheritance of her interest in the farm which, with the one-half he inherited from his father, made him the owner of the entire farm and the income therefrom. The fact that he deposited the income in his account as administrator is unimportant.

In the testimony as of a period seventeen years after Mrs. Scott's death, a son of Giles Scott is mentioned. At another place as of a period at least a decade after her death " Giles and the children " are mentioned, but the identity of the mother, whether Giles' first or second wife, if he had one, is not disclosed. However, if we assume that children were born to Mrs. Scott and her husband Giles, still the payments made by defendant from the income of the farm were from undivided moneys of which he was a part owner. If we assume that Giles, through curtesy, became entitled to the income from the undivided one-half which belonged to his wife in her lifetime, there is no proof that defendant was Giles' agent. The life use of the real property, unincumbered by lien or charge, would have belonged to Giles. After Mrs. Scott's death her debts would be paid from her personal estate before resort could be had to her real estate. The payments which defendant made as administrator, assuming that Giles owned one-half of the income from the farm, were from undivided moneys of which he was a part owner and, therefore, did not toll the running of the statute.

I favor a reversal of the judgment on the law and facts, with costs, and the granting of a judgment to the plaintiff in accordance with the prayer of his complaint, with costs.

HEFFERNAN, J., concurs.

Judgment affirmed, with costs.