Shapiro Bros. Factors Corp., Plaintiff, *v.* Harlem Sugar Co., Inc., Defendant.

Supreme Court, Special Term, New York County, June 16, 1948.

*Weil, Gotshal & Manges* for plaintiff.

*Saypol & Kotler* for defendant.

Pecora, J.   The question presented upon this motion to dismiss the complaint, pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice, is whether the return on March 9, 1942, of fifteen dollars of the goods sold to defendant by plaintiff's assignor constituted a payment on account of the indebtedness, removing the bar of the Statute of Limitations.   Plaintiff contends that the return of merchandise after the statement of the account constituted payment on account of the balance found due, so that the six-year Statute of Limitations commenced to run anew from the date of the last return of the merchandise.

To toll the running of the Statute of Limitations a payment must be made under circumstances amounting to an acknowledgment by the debtor, so that a promise to pay the balance may be inferred (*Scott* v. *Palmer,* 157 Misc. 133, affd. 246 App. Div. 379, affd. 273 N. Y. 471).

Such a payment is effective to take a case out of the operation of the statute, whether the payment be in money, goods or anything of value given by the debtor and accepted by the creditor (*Green* v. *Disbrow,* 79 N. Y. 1; *Lawrence* v. *Harrington,* 122 N. Y. 408).

In an annotation in 139 American Law Reports 1378, there are collated the cases where the rendition of services, transfer of property or similar benefits, other than the payment of money, were considered as part payment tolling the Statute of Limitations.   An examination of all of these cases, in the various States, fails to disclose one where the return of the

very merchandise upon which the original claim arose was involved. Neither of the parties has cited any case directly bearing upon the question and the court has been unable through its own research to discover one. The problem must, therefore, be viewed as one of first impression.

In this court's opinion the return of fifteen dollars of goods on March 9, 1942, did not constitute an acknowledgment of the existence of a further indebtedness, but on the contrary, merely, upon acceptance by the seller, amounted to a *pro tanto* rescission of the original transaction. When the seller accepted the goods he could no longer sue for their price and the contract of sale under which they were sold was to that extent cancelled. The fact that a statement of account was sent does not change the situation. Moreover, here upon the sending of the statement of account, the buyer indicated the probability of return of some of the goods. As pointed out above, wherever courts have found that a part payment had been made by the delivery of goods to the seller, in no case did such delivery involve the goods originally sold. In every case the goods were other merchandise which the debtor was giving in reduction of the debt.

I, therefore, hold that the Statute of Limitations here is an effective bar to the plaintiff's cause of action, and was not tolled by the fifteen dollar return made on March 9, 1942.

The motion to dismiss is granted. Settle order.